

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-76,092 AND AP-76,093

### EX PARTE PHILLIP HARBIN, Applicant

### ON APPLICATION FOR WRITS OF HABEAS CORPUS
### FROM THE 211th JUDICIAL DISTRICT COURT OF
### DENTON COUNTY, TEXAS

**MEYERS, J., delivered the opinion of the Court, in which PRICE, WOMACK, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. KELLER, P.J., dissented.**

### O P I N I O N

Applicant, Phillip Harbin, was charged with two counts of failure to register as a sex offender. The charges originated from convictions in the State of California for a 1988 offense of lewd and lascivious acts with a child under the age of 14,[1] and annoying and molesting a child[2] in 1994.[3] He pled guilty and was sentenced to ten years for each

---

[1]California Penal Code § 288 (West 1987).

[2]California Penal Code § 647.6 (West 1987).

[3]The indictment does not mention Applicant's other convictions for annoying and molesting a child and indecent exposure in 1996 or a 1995 conviction for sexual battery. Therefore, our inquiry here is limited to whether Applicant was required to register for the 1988

count, to be served concurrently. He filed an application for writ of habeas corpus claiming that he did not have a duty to register for the offenses listed in the indictment and thus he is actually innocent. We hold that Applicant did not have a duty to register for the offenses listed in the indictment. Relief is granted.

**FACTS**

Applicant was incarcerated in California for the 1996 offense of annoying or molesting a child under 18. After his release in 2000, Applicant left the California Patton State Hospital and moved to Texas to live with his brother, Brian. A California official told Applicant to have Texas authorities call him, so when Applicant arrived in Texas, he went to the police department to register, but was told to wait for the department to determine whether he was required to register in Texas. Before that determination was made, Texas Department of Public Safety (DPS) notified the management of Brian's apartment that Applicant was a sex offender, and Brian was informed that his family would be evicted if Applicant was seen on the premises. Applicant temporarily moved to a hotel in Lewisville. The next day Applicant went to the Lewisville Police Department, where he used his California State Hospital identification card to register as a sex offender.

A week later, Applicant was forced to leave his registered address at the hotel and move in with his mother. He continued his communications with the Lewisville Police

or 1994 convictions listed in the indictment.

and was informed that he would be arrested if he did not register with a residential address. Although he lived with his mother at the time, Applicant did not register at that address because his mother lived in the same complex that had threatened to evict his brother. As a result, Applicant was arrested for failing to notify the Lewisville Police Department of his new address. After Applicant was released on bail, he moved into a hotel in Plano and registered with the Plano Police Department using his California State Hospital identification card. The next day, he was asked to leave the Plano hotel, so he moved in with his mother at her new apartment in Dallas.

The same day, Applicant called the Plano Police Department to notify them that he had been evicted and had relocated to his mother's apartment. The following week, Applicant and his brother contacted DPS to inform them of Applicant's registration problems and intent to register.

Applicant then attempted to register with Detective Lewis Carter of the Dallas Police Department. Detective Carter initially refused to register Applicant without proper Texas identification, but after contacting the Lewisville Police Department, Carter informed Applicant that he needed to bring documentation from his mother stating that he lived with her. Applicant and his mother returned to the Dallas Police Department, and Detective Carter entered Applicant's proof of residence and hospital identification information into the computer. However, Detective Carter instructed Applicant and his mother to return with an affidavit from the apartment manager stating that it was okay for

Applicant to live there. Applicant requested a registration receipt, but Detective Carter told Applicant to use the receipt of registration from the Plano Police Department and to call him if he had any problems.

The following day, Applicant was arrested by DPS at his mother's apartment for failure to provide proper notice of his change of address.

Applicant accepted a plea bargain and pled guilty to two second-degree felony offenses for failure to register under the sex-offender registration statute. He was sentenced to ten years in the Institutional Division of the Texas Department of Criminal Justice for each offense, to be served concurrently. He filed previous applications for writs of habeas corpus raising issues regarding the constitutionality of the statute, ineffective assistance of counsel, and the voluntariness of his plea. We denied the applications without written order.

## ISSUES RAISED

Applicant filed this subsequent writ, claiming that newly discovered evidence of actual innocence was unavailable at the time of his initial applications. Specifically, Applicant asserts that a 2008 determination by DPS conclusively establishes that California Penal Code §647.6 is not substantially similar to a Texas offense requiring registration under the Sex Offender Registration Act (SORA). Applicant alleges that, since California Penal Code §647.6 was not substantially similar to a Texas offense requiring registration in 2000, he had no duty to register as a sex offender in Texas based

on his California Penal Code §647.6 conviction. Applicant also asserts that uncodified language in the 1997 amendments to SORA precluded any of his convictions prior to September 1, 1995, from establishing a duty to register as a sex offender in Texas in 2000. Since he did not have a duty to register for either of the offenses listed in the indictment, Applicant asserts that he is actually innocent of the crimes charged.

This case raises two questions: 1) whether, based on the statute in place at the time of Applicant's failure to register, Applicant had a reportable conviction and therefore a duty to register and 2) whether, at the time of Applicant's offenses, the California misdemeanor offense of "annoy or molest a child" was substantially similar to a Texas offense that would have required Applicant to register as a sex offender in Texas.

## STATUTORY HISTORY OF SORA

At the time of Applicant's arrest and conviction in 2000, under article 62.01(5)(J), an offender was required to register for an out-of-state conviction if the the offense contained "elements that are substantially similar to the elements of an offense listed under Paragraph (A), (B), (C), (D), (E), or (G)." *See* Code of Criminal Procedure Article 62.01(5)(J) (Vernon 1999). Although Article 62.11, which delineated the applicability of the sex-offender registration program, was amended in 1999, that version of the statute retained an uncodified "savings clause" that was first added in 1997.[4] Tex. H.B. 2145,

---

[4]*See* Act of June 19, 1999, 76th Leg., R.S., ch. 1415, §26, 1999 Tex. Sess. Law Serv. 4831, 4842.

(a) The change in law made by this Act to Article 62.11, Code of Criminal Procedure, as

§26, 76th Leg., R.S. (1999). The "savings clause" applied to an offender who was not in a Texas penal institution or under the supervision and control of a juvenile probation office, a community supervision and corrections department, or the pardons and paroles division of Texas Department of Criminal Justice on or after September 1, 1997, as a result of the offense in question. Offenders subject to the savings clause need not register under the 1999 version of SORA because the version of the statute passed on May 19, 1995 (former Section 8, Article 6252-13c.1, Revised Statutes), applies to them instead. Under the 1995 version of SORA, out-of-state convictions before September 1, 1995, were not considered

---

redesignated and amended by the Act (formerly Subsection(a), Section 8, Article 6252-13c.1, Revised Statutes), applies only to a defendant who, with respect to an offense listed in Subdivision (5), Article 62.01, Code of Criminal Procedure, as redesignated and amended by this Act (formerly Subdivision (5), Section 1, Article 6252-13c.1, Revised Statutes), on or after September 1, 1997:

> (1) is confined in a penal institution, as that term is defined by Subdivision (3), Article 62.01, Code of Criminal Procedure, as redesignated and amended by this Act (formerly Subdivision (3), Section 1, Article 6252-13c.1, Revised Statutes) [a confinement facility in Texas]; or

> (2) is under the supervision and control of a juvenile probation office or an agency or entity operating under contract with a juvenile probation office, a community supervision and corrections department, or the pardons and paroles division of the Texas Department of Criminal Justice.

In its 1997 form, the section also provided this additional clause:

(b) A defendant who, on the effective date of this Act, is not described by Subdivision (1) or (2) of Subsection (a) of this section is covered by the law in effect under Subsection (a), Section 8, Article 6252-13c.1, Revised Statutes, before that section was redesignated and amended by this Act, and the former law is continued in effect for that purpose.

*See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 11, 1997 Tex. Gen. Laws 2253, 2264.

reportable offenses, and offenders did not need to register for out-of-state convictions occurring before that date.

If the "savings clause" did not apply to an offender, the codified portion of the 1999 version of SORA would apply. Then, any conviction or adjudication that occurred on or after September 1, 1970, needed to be reported under all applicable provisions of chapter 62 except those involving newspaper publication in articles 62.03 and 62.04. Act of June 1, 1997, 75th Leg., R.S., ch. 668, § 1, 1997 Tex. Gen. Laws 2253, 2260.

## SORA'S APPLICATION TO APPLICANT

Since Applicant's 1988 and 1994 out-of-state convictions occurred before September 1, 1995, he would have to register under SORA only if he was in a Texas penal institution or under the supervision and control of a community supervision and corrections department on or after September 1, 1997, as a result of these convictions.

For his 1988 conviction, Applicant was placed on probation for three years. During this time, Applicant was ordered to participate in two different rehabilitation programs and was then sent to prison in October 1989. In December 1990, Applicant was placed on parole. He violated parole and went to prison until September 1993. Thus, all punishment for this offense ended before September 1, 1997.

For his 1994 conviction, Applicant was sentenced to three years of probation with credit for 180 days of time already served. In June 1995, his probation was revoked, but he was released to another rehabilitation program later that month. He did not complete

this rehabilitation program and returned to jail for two years. He was released and placed back on probation in February 1996. His probation appears to have ended in August 1997. As a result, any probation, parole, or incarceration for his 1988 and 1994 offenses ended prior to September 1, 1997.

At the time Applicant was charged in 2000, under the savings clause, Applicant did not have to register for either the 1988 or 1994 offenses listed in the indictment.

We note that SORA's "savings clause" is applicable in a limited number of cases. The 2005 amendments to SORA repeal all of article 62.11, including the uncodified "savings clause."[5] Effective September 1, 2005, offenders must register for all offenses listed in article 62.001(5) that occurred on or after September 1, 1970. Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, 2005 Tex. Gen. Laws 3385. Therefore, the "savings clause" may apply only to offenders who failed to register between September 1, 1997, and August 31, 2005.

## SUBSTANTIAL SIMILARITY

Although we have determined that Applicant did not have a duty to register for the 1994 conviction for annoying or molesting a child as listed in the indictment, we will examine Applicant's additional issue of whether California Penal Code §647.6 is

---

[5]Technically, only the codified portion of article 62.11 was removed in House Bill 867. However, since there is no indication that the legislature wished to retain or relocate the uncodified portion and since the "savings clause" appears to be inconsistent with the 2005 statute's amendments and retroactive application, the uncodified portion has effectively been repealed.

substantially similar to a Texas offense requiring registration.

When Applicant was charged with failure to register as a sex offender In 2000, the statutory language of SORA did not delineate the role of law-enforcement agencies in determining substantial similarity for out-of-state convictions. However, in 2001, the Texas Legislature created Code of Criminal Procedure Article 62.0101, which assigns to DPS the responsibility to determine whether an offense under the laws of another state are substantially similar to an offense requiring registration under the laws of Texas. Act of May, 8 2001, 77th Leg., R.S., ch. 211, §2, 2001 Tex. Gen. Laws 399, 400. Importantly, the Legislature clarified, as part of the 2001 amendment, that DPS's responsibility to determine substantial similarity applied retroactively, stating in pertinent part:

> The change in law made by this Act in adding Article 62.0101 and Subsection (e), Article 62.06, Code of Criminal Procedure, and in amending Article 62.021, Code of Criminal Procedure, applies to a person required to register as a sex offender under Chapter 62, Code of Criminal Procedure, under the laws of another state, under federal law, or under the Uniform Code of Military Justice *before*, on, or after the effective date of this Act.

Act of May, 8 2001, 77th Leg., R.S., ch. 211, §19, 2001 Tex. Gen. Laws 399 (emphasis added).

The record indicates that DPS has not determined that a conviction under California Penal Code §647.6 is substantially similar to any offense requiring registration in Texas.

Under the current version of SORA, Applicant will need to register for his 1988 conviction for lewd or lascivious acts and his 1995 conviction for sexual battery. The

Department of Public Safety determined in 2006 that both of these constitute reportable convictions in Texas. Lewd and lascivious acts with a child under the age of 14 under California Penal Code § 288(a) is considered substantially similar to indecency with a child by contact under Texas Penal Code § 22.011(a)(1). Sexual battery under California Penal Code § 243.43 is considered substantially similar to sexual assault under Texas Penal Code § 22.011(a)(1). Applicant will not need to register for his 1994 and 1996 convictions for annoying or molesting a child because, as indicated above, the Department of Public Safety does not list California Penal Code § 647.6 as a reportable conviction. Additionally, Applicant's conviction for indecent exposure under California Penal Code § 314(1) is considered substantially similar to the provision for indecent exposure under Texas Penal Code § 21.08. However, the offense currently requires registration only upon a second offense and the record indicates that Applicant has been convicted of violating this provision only once.

## CONCLUSION

Applicant's California Penal Code §647.6 convictions are not eligible for consideration as reportable offenses under SORA. Additionally, the savings clause from the 1997 amendment to SORA precluded any conviction prior to September 1, 1995, from consideration as a reportable conviction. Therefore, neither Applicant's 1988 conviction for lewd and lascivious act nor his 1994 conviction for annoying and molesting a child created a duty to register as a sex offender in Texas in 2000. Applicant was not required

to register for either of the offenses listed in the indictment at the time he was charged and convicted. Relief is granted. Applicant's convictions in 2000 for failure to register as a sex offender are vacated.

Meyers, J.

Delivered: September 16, 2009

Publish