COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-09-025-CR

 

 

GROVER
CLEVELAND STANLEY                                             APPELLANT

A/K/A STANLEY CLEVELAND 

GROVER                                                                                            

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM CRIMINAL DISTRICT COURT NO. 1 OF
TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Grover Cleveland Stanley a/k/a Stanley
Cleveland Grover appeals his conviction for failing to register as a sex
offender.  See Tex. Code Crim.
Proc. Ann. art. 62.051(a) (Vernon Supp. 2009), art. 62.102 (Vernon 2006).  In one issue, he argues that the trial
court should have granted his motion to quash the indictment because under his
interpretation of the sex offender registration statute, he was not required to
register.  We affirm.

Background
Facts

Appellant=s indictment alleged that he was convicted of
aggravated rape in Tennessee in 1993, that his aggravated rape conviction
required him to register as a sex offender in Texas, and that he failed to do
so within seven days after moving to a new address in Fort Worth in May 2008.[2]  Appellant=s appointed counsel filed a motion to quash the
indictment on the ground that  various
amendments to the sex offender registration statute created a Asavings clause@ that exempted his registration.  Appellant=s counsel acknowledged during a hearing on the
motion to quash that the savings clause might have been repealed by the
recodification of the registration statute in 2005, but he argued that Awithout more explicit repeal by the legislature
or a court interpretation, . . . [the savings clause] still exists.@








The trial court denied appellant=s motion to quash, and then appellant pled guilty
and received two years=
confinement as his punishment.  He timely
filed his notice of appeal.

The Repeal of
the Savings Clause

The current version of the code of criminal
procedure states that sex offender registration requirements apply to anyone
who has a Areportable
conviction or adjudication@ that occurred on or after September 1,
1970.  Tex. Code Crim. Proc. Ann. art.
62.002 (Vernon 2006).  The sole issue in
this appeal is whether an uncodified Asavings clause@ that was added in 1997 to nonetheless exempt
registration requirements for some offenders whose convictions occurred before
1995 applied to appellant when he failed to register in 2008.  A recent opinion from the court of criminal
appeals precludes appellant=s contention that the savings clause applies to
him.  See Ex Parte Harbin, 297
S.W.3d 283, 285B87
(Tex. Crim. App. 2009).

In Harbin, the court stated that the
original savings clause 








applied to an offender who was not in a Texas
penal institution or under the supervision and control of a juvenile probation
office, a community supervision and corrections department, or the pardons and
paroles division of Texas Department of Criminal Justice on or after September
1, 1997, as a result of the offense in question. Offenders subject to the
savings clause need not register under the 1999 version of [the registration
statute] because the version of the statute passed [in 1995] applies to them
instead. Under the 1995 version . . ., out‑of‑state convictions
before September 1, 1995, were not considered reportable offenses, and
offenders did not need to register for out‑of‑state convictions
occurring before that date.

 

Id. at 286. 
However, the court further explained that the savings clause 

is applicable in a limited number of cases. The
2005 amendments to [the registration statute] repeal all of article 62.11,
including the uncodified Asavings clause.@  Effective September 1, 2005,
offenders must register for all offenses listed in article 62.001(5) that
occurred on or after September 1, 1970. Therefore, the Asavings clause@ may apply
only to offenders who failed to register between September 1, 1997, and August
31, 2005.

 

Id. at 286B87 (emphasis added and footnote and citation omitted).

 

Appellant failed to register in 2008, so under
the controlling authority of Harbin, the savings clause cannot apply to
him.[3]  See id.; Sierra v. State, 157
S.W.3d 52, 60 (Tex. App.CFort
Worth 2004) (op. on reh=g)
(stating that this court is @bound by the precedent of the Texas Court of
Criminal Appeals and has no authority to disregard or overrule [it]@), aff=d,
218 S.W.3d 85 (Tex. Crim. App. 2007). 
Thus, we hold that the trial court properly denied his motion to quash
the indictment, and we overrule his only issue.

 

 








Conclusion

Having overruled appellant=s only issue, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL: 
LIVINGSTON, MCCOY, and MEIER, JJ.       

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: 
January 7, 2010

 











[1]See Tex. R. App. P. 47.4.





[2]Appellant contends only that he was not legally required to register
under chapter sixty-two of the code of criminal procedure; he does not dispute
facts regarding his underlying Tennessee aggravated rape conviction, its
substantial similarity to a Texas conviction that would otherwise require
registration, or his failure to report to the Fort Worth Chief of Police after
moving into the city. See Tex. Code Crim. Proc. Ann. art.
62.001(5)(H) (Vernon Supp. 2009).





[3]The Texas Attorney General has also opined that the savings clause is
no longer effective.  Op. Tex. Att=y Gen. No. GA‑0454 (2006); Ex parte Schroeter, 958 S.W.2d
811, 812 n.2 (Tex. Crim. App. 1997) (explaining that Attorney General=s opinions are persuasive authority).