COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH



NO. 2-09-025-CR

GROVER CLEVELAND STANLEY A/K/A STANLEY CLEVELAND GROVER

APPELLANT

V.

THE STATE OF TEXAS

STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Grover Cleveland Stanley a/k/a Stanley Cleveland Grover appeals his conviction for failing to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. art. 62.051(a) (Vernon Supp. 2009), art. 62.102 (Vernon 2006). In one issue, he argues that the trial court should have granted his

---

[1] *See* Tex. R. App. P. 47.4.

motion to quash the indictment because under his interpretation of the sex offender registration statute, he was not required to register. We affirm.

Background Facts

Appellant's indictment alleged that he was convicted of aggravated rape in Tennessee in 1993, that his aggravated rape conviction required him to register as a sex offender in Texas, and that he failed to do so within seven days after moving to a new address in Fort Worth in May 2008.[2] Appellant's appointed counsel filed a motion to quash the indictment on the ground that various amendments to the sex offender registration statute created a "savings clause" that exempted his registration. Appellant's counsel acknowledged during a hearing on the motion to quash that the savings clause might have been repealed by the recodification of the registration statute in 2005, but he argued that "without more explicit repeal by the legislature or a court interpretation, . . . [the savings clause] still exists."

---

[2] Appellant contends only that he was not legally required to register under chapter sixty-two of the code of criminal procedure; he does not dispute facts regarding his underlying Tennessee aggravated rape conviction, its substantial similarity to a Texas conviction that would otherwise require registration, or his failure to report to the Fort Worth Chief of Police after moving into the city. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(H) (Vernon Supp. 2009).

The trial court denied appellant's motion to quash, and then appellant pled guilty and received two years' confinement as his punishment. He timely filed his notice of appeal.

## The Repeal of the Savings Clause

The current version of the code of criminal procedure states that sex offender registration requirements apply to anyone who has a "reportable conviction or adjudication" that occurred on or after September 1, 1970. Tex. Code Crim. Proc. Ann. art. 62.002 (Vernon 2006). The sole issue in this appeal is whether an uncodified "savings clause" that was added in 1997 to nonetheless exempt registration requirements for some offenders whose convictions occurred before 1995 applied to appellant when he failed to register in 2008. A recent opinion from the court of criminal appeals precludes appellant's contention that the savings clause applies to him. *See Ex Parte Harbin*, 297 S.W.3d 283, 285–87 (Tex. Crim. App. 2009).

In *Harbin*, the court stated that the original savings clause

applied to an offender who was not in a Texas penal institution or under the supervision and control of a juvenile probation office, a community supervision and corrections department, or the pardons and paroles division of Texas Department of Criminal Justice on or after September 1, 1997, as a result of the offense in question. Offenders subject to the savings clause need not register under the 1999 version of [the registration statute] because the version of the statute passed [in 1995] applies to them instead. Under the 1995 version . . ., out-of-state convictions before September 1,

3

1995, were not considered reportable offenses, and offenders did not need to register for out-of-state convictions occurring before that date.

*Id.* at 286. However, the court further explained that the savings clause

> is applicable in a limited number of cases. *The 2005 amendments to [the registration statute] repeal all of article 62.11, including the uncodified "savings clause."* Effective September 1, 2005, offenders must register for all offenses listed in article 62.001(5) that occurred on or after September 1, 1970. *Therefore, the "savings clause" may apply only to offenders who failed to register between September 1, 1997, and August 31, 2005.*

*Id.* at 286–87 (emphasis added and footnote and citation omitted).

Appellant failed to register in 2008, so under the controlling authority of *Harbin*, the savings clause cannot apply to him.[3] *See id.*; *Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004) (op. on reh'g) (stating that this court is "bound by the precedent of the Texas Court of Criminal Appeals and has no authority to disregard or overrule [it]"), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007). Thus, we hold that the trial court properly denied his motion to quash the indictment, and we overrule his only issue.

---

[3] The Texas Attorney General has also opined that the savings clause is no longer effective. Op. Tex. Att'y Gen. No. GA-0454 (2006); *Ex parte Schroeter*, 958 S.W.2d 811, 812 n.2 (Tex. Crim. App. 1997) (explaining that Attorney General's opinions are persuasive authority).

## Conclusion

Having overruled appellant's only issue, we affirm the trial court's judgment.

PER CURIAM

PANEL:  LIVINGSTON, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 7, 2010