IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1369-12






CRAIG RUDY REYNOLDS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TENTH COURT OF APPEALS


BOSQUE COUNTY





 MEYERS, J., delivered the opinion of the Court, in which KELLER,
P.J., and KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. PRICE, J.,
filed a dissenting opinion, in which WOMACK, J., joined. JOHNSON, J., dissented.


O P I N I O N 



 Appellant, Craig Rudy Reynolds, was charged with and convicted of failure to comply
with sex-offender registration requirements. The charges originated from a 1990 conviction
for sexual assault of a child, for which he was sentenced to five years' imprisonment.
Appellant served his entire sentence and was released in August of 1995. The registration
statute in effect at the time did not require Appellant to register as a sex offender. The statute,
however, was amended in 2005, putting Appellant's duty to register in dispute. He was
convicted of failing to register in 2009, but appealed, arguing that the amended statute did 
not require him to register, that such retroactivity would be unconstitutional, and that there
was insufficient evidence to support the jury's refusal to find his affirmative defense of
mistake of law. Reynolds v. State, 385 S.W.3d 93 (Tex. App.-Waco 2012). The court of
appeals upheld the conviction. Id. at 102. We granted Appellant's petition for discretionary
review to determine whether the 2005 amendments imposed a new requirement for him to
register and whether this violates the prohibition against retroactive laws.

STATUTORY HISTORY

 In 1991, the Texas Legislature enacted its first sex-offender registration provision.
Act effective September 1, 1991, 72nd Leg., R.S., ch. 572, § 1. It required a person with a
reportable conviction on or after September 1, 1991, to register with the local law
enforcement agency. Id. Because Appellant's sexual-assault-of-a-child conviction
occurred in 1990, however, the statute did not require him to register.

 In 1997, the Legislature redesignated the statute as chapter 62 of the Code of
Criminal Procedure and instituted its retroactive application to individuals with reportable
convictions on or after September 1, 1970. Act effective September 1, 1997, 75th leg.,
R.S., ch. 668, § 1; Arce v. State, 297 S.W.3d 279, 281 (Tex. Crim. App. 2009). This
change, however, was accompanied by an uncodified "savings clause" that restricted its
application to people who were "confined in a penal institution . . . or . . . under the
supervision and control of . . . the Texas Department of Criminal Justice" on or after
September 1, 1997. Id. at § 11(a). It explicitly preserved the law of the statute before the
amendment for those individuals who had convictions but were not in a penal institution
or subject to supervision for that conviction on or after September 1, 1997. Id. at § 11(b).
Although Appellant's conviction was after 1970, he completed his entire sentence in
1995. Therefore, the "savings clause" applied to him and he was still not required to
register.

 In 2005, the Legislature reenacted and amended chapter 62. Act effective
September 1, 2005, 79th leg., R.S., ch. 1008, § 1.01. These amendments included the
repeal of article 62.11, which had contained the rule on applicability and the uncodified
"savings clause." Id. It was replaced with article 62.002 which also provided that the
registration requirements applied to those with reportable convictions occurring on or
after September 1, 1970. Id.; Tex. Code Crim. Proc. Ann. art. 62.002(a). The
Legislature, however, made no indication as to whether it wished to retain or repeal the
uncodified portion of article 62.11, which included the "savings clause." Instead, the
2005 amendments contained a transition clause that stated that "the changes in law made
by this Act in amending Chapter 62, Code of Criminal Procedure, apply to a person
subject to Chapter 62, Code of Criminal Procedure, for an offense or conduct committed
or engaged in before, on, or after the effective date of this Act." Act effective September
1, 2005, 79th leg., R.S., ch. 1008, § 1.01. Relying on a letter from the Texas Department
of Public Safety that stated he did not have to register under the new law, Appellant never
registered. In 2009, he was arrested for failing to register, convicted, and sentenced to
five years' confinement. The issues now presented are whether the 2005 amendments
imposed a new requirement for Appellant to register as a sex offender even though he had
no such duty in the past and whether this would constitute prohibited retroactivity.

ARGUMENTS OF THE PARTIES

 Appellant contends that the registration requirement in the 2005 amendments does
not apply to him and that he, therefore, had no legal duty to register. He argues that,
because the transition clause states that the amendments apply to those who are "subject
to Chapter 62," the changes are applicable only to individuals who were already required
to register on the effective date, which would not include Appellant. Appellant cites to
our footnote in Ex parte Arce, 297 S.W.3d 279, 281 (Tex. Crim. App. 2009), in which we
acknowledged that it is unclear, because of this language, whether an individual who had
been exempted from Chapter 62 by the earlier version of the statute would now be subject
to it. Appellant also suggests that if the "savings clause" was repealed, it could only have
been done so by implication, which is improper because the amendment is subject to an
interpretation that the prior statute is still in effect. 

 Appellant also asserts that applying the 2005 amendments to him violates the
Texas constitutional prohibition against retroactive laws. Appellant argues that, prior to
2005, he had a substantial, vested right to be free of the sex-offender registration
requirements. He suggests that we adopt the three-part test formulated by the Supreme
Court of Texas for determining whether a statute is unconstitutionally retroactive.
Robinson v. Crown Cork & Seals Co., 335 S.W.3d 126, 145 (Tex. 2010). The test looks at
"the nature and strength of the public interest served by the statute as evidenced by the
Legislature's factual findings; the nature of the prior right impaired by the statute; and the
extent of the impairment." Id. Appellant asserts that these factors make it clear that
applying the registration requirement to him is unconstitutional. Finally, Appellant
contends, based on Robinson, that the court of appeals's reliance on the police-power
exception in upholding his duty to register was error because an exception to retroactivity
must be compelling and clearly established rather than justified by necessity alone or
simply likely to do more good than harm. Id.

 The State argues that the 2005 amendments apply to Appellant and that his
conviction for failing to register is valid. The State asserts that the plain text of the
transition clause makes clear that Appellant is not exempt from the requirement to
register. Further, deleting the exemption and mandating uniform registration for all
offenders is in line with the Legislature's stated intent to simplify and clarify the statute
which had become overly complex. The State contends that the uncodified "savings
clause" in the 1997 statute was eliminated by the 2005 amendments because the provision
that the clause accompanied, article 62.11, was eliminated. Holding otherwise, the State
argues, leads to the absurd result of every savings clause that has accompanied a repealed
statute remaining in effect unless the Legislature clearly dictated differently. 

 The State goes on to point to the 2003 amendments of article 62.01(5) to
demonstrate the meaning of the "subject to" phrase in the 2005 transition clause. The
2003 amendments added foreign convictions to the list of reportable offenses and had an
applicability clause that specified that the change "applie[d] to a person subject to
registration under Chapter 62." Act effective September 1, 2003, 78th leg., R.S., ch. 1005,
§§ 8, 12. The State points out that if the "subject to" phrase functions as Appellant
suggests, the addition of foreign convictions in 2003 would have had no effect because
individuals with those convictions had not previously been subjected to the registration
requirement. Finally, the State argues, because the purpose of transition provisions is to
help avoid the shock that can result from changing law, one was included in the 2005
amendments to put those who were not previously required to register on notice that the
law may now require registration.

 The State believes that Appellant's second issue should be remanded because the
court of appeals failed to determine whether the complaint was properly preserved. In the
alternative, the State disputes Appellant's contention that the 2005 amendments violate
the prohibition on retroactive laws. The State asserts that Appellant's exemption was not
a vested, substantive right because registration is a procedural regulation rather than a
punishment, making it beyond the purview of the retroactive law prohibition. Further, the
State argues that choosing to adopt the three-factor test from Robinson would still result
in a finding that the registration requirement is constitutional because it is a reasonable
use of police power that causes no substantial impairment of a right. 

COURT OF APPEALS

 On appeal, the court considered the applicability of the registration requirement to
Appellant, the constitutionality of its retroactivity, and whether there was sufficient
evidence to refute his defense of mistake of law. See Reynolds, 385 S.W.3d at 95-101. In
its decision, the court of appeals asserted that the plain language of the transition clause
indicates that Chapter 62 and the 2005 amendments to it were applicable to Appellant
because he had a reportable conviction after September 1, 1970. Id. at 98. The court of
appeals also looked to our opinion in Ex parte Harbin, 297 S.W.3d 283, 286 n.5 (Tex.
Crim. App. 2009), in which we stated in a footnote that, because the Legislature made no
indication of wishing to retain the uncodified portion, and because the "savings clause" is
inconsistent with the amendments, "the uncodified portion has effectively been repealed."
Id. at 98-99. The court of appeals determined, therefore, that the "savings clause" was
effective only from September 1, 1997 to August 31, 2005 and that Appellant had a duty
to register under Chapter 62. Id. at 99.

 The court of appeals then evaluated the constitutionality of the retroactivity of the
registration statute. Because the amendments were made in order to address concerns that
the registration program had become difficult to manage, the court of appeals presumed
that the amendments furthered the program's original purpose of promoting public safety.
Id. at 100. The court of appeals held that the statute's retroactivity did not render it
unconstitutional because the amendments were necessary to safeguard the public. Id.

 On the final issue, the court of appeals concluded that there was some evidence to
support the jury's refusal to find for the affirmative defense of mistake of law. Id. at 101.
Therefore, the evidence was legally sufficient to support the jury's conviction of
Appellant. Id. at 102. Having overruled all of Appellant's issues, the court of appeals
affirmed the judgment of the trial court. Id. We subsequently granted Appellant's petition
for discretionary review on the two issues of the 2005 amendments' applicability and
retroactivity. 

APPLICABILITY OF REGISTRATION REQUIREMENT TO APPELLANT

 When this court interprets statutes, "we seek to effectuate the 'collective' intent or
purpose of the legislators who enacted the legislation." Boykin v. State, 818 S.W.2d 782,
785 (Tex. Crim. App. 1991) (citing Comacho v. State, 765 S.W.2d 431 (Tex. Crim. App.
1989)). We begin our analysis with the language of the statute and "attempt to discern the
fair, objective meaning of that text at the time of its enactment." Id. Where that language
is clear and unambiguous, we will give effect to its plain meaning, unless that meaning
would lead to absurd consequences that the legislature could not have intended. Smith v.
State, 789 S.W.2d, 590, 592 (Tex. Crim. App. 1990); Boykin, 818 S.W.2d at 785 (citing
Faulk v. State, 608 S.W.2d 625, 630 (Tex. Crim. App. 1980)). If it is ambiguous or would
lead to an absurd result, it is then permissible for us to look beyond the plain text and
consider additional factors. Boykin, 818 S.W.2d at 785-86. We do not find the need to
look beyond the plain text in this case. 

 As set out above, the 2005 amendments contain a transition clause specifying that
the changes in the law "apply to a person subject to Chapter 62," and the amended version
of Chapter 62 states that it applies to individuals who have reportable convictions or
adjudications that occurred on or after September 1, 1970. Act effective September 1,
2005, 79th leg., R.S., ch. 1008, § 1.01; Tex. Code Crim. Proc. Ann. art. 62.002(a). The
plain meaning of these provisions is simply that the amendments to the law apply to those
with a reportable conviction that occurred on or after September 1, 1970, which includes
Appellant. As the State points out, the provision that the "savings clause" accompanied
was deleted in 2005 and, therefore, the uncodified portion that included the "saving
clause" was deleted as well. There is no language within the statute that indicates the
"savings clause" was to be retained. The plain language of the statute also does not
indicate that "person[s] subject to Chapter 62" means only those individuals who had
been subject to it prior to the amendments, as Appellant suggests, and we see no reason to
read this meaning into it. The use of the present tense of "subject to" rather than the past
tense, "subjected to," further supports our conclusion that it is not an individual's past
status under the statute that determines applicability. Therefore, Chapter 62 does apply to
Appellant and he was required to register under Chapter 62.

 Our decision here is in line with Ex parte Harbin, in which we concluded in a
footnote, that the "savings clause" applies only to those who did not register between
1997 and 2005. 297 S.W.3d at 287. We stated that "[t]he 2005 amendments . . . repeal[ed]
all of article 62.11, including the uncodified 'savings clause,'" because "there was no
indication that the legislature wished to retain or relocate the uncodified portion and since
the 'savings clause' appears to be inconsistent with the 2005 statute's amendments and
retroactive application." Id. at 286, n.5. Appellant points to our statements in Ex parte
Arce in response to any reliance on Harbin. However, these statements in Arce have no
bearing on our decision. We came to no conclusions and, instead, simply recognized that
an argument could be made that the amendments do not apply to an individual previously
exempted from Chapter 62. (1)

CONSTITUTIONALITY OF STATUTE'S RETROACTIVITY

 We begin with the State's contention that the court of appeals erred by not first
determining whether Appellant's retroactivity-based complaint was properly preserved.
The court of appeals should typically review preservation on its own motion, but where it
does not expressly do so, this Court "should do so when confronted with a preservation
question." Ford v. State, 305 S.W.3d 530, 532-33 (Tex. Crim. App. 2009). Therefore, we
will not remand for this omission, as the State requests, and instead we will address
whether the retroactivity complaint was preserved.

 "As applied" constitutional claims are subject to the preservation requirement and
therefore must be objected to at the trial court in order to preserve error. Flores v. State,
245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008); Curry v. State, 910 S.W.2d 490, 496
& n.2 (Tex. Crim. App. 1995); see also Karenev v. State, 281 S.W.3d 428, 434 (Tex.
Crim. App. 2009); Mendez v. State, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); Briggs
v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (stating that "[e]ven constitutional
errors may be waived by failure to object at trial").

 There is no evidence that Appellant objected to the retroactivity of the statute at
the trial court, but Appellant asserted during oral argument that, because he argued at the
trial court that the registration statute should not apply to him, the issue could be
interpreted as preserved. Asserting that the statute contained an exemption for Appellant,
however, is a far cry from presenting the argument that the statute is unconstitutionally
retroactive because it took away Appellant's vested right to not register. This retroactivity
argument cannot be raised for the first time on appeal. Therefore, because no specific,
timely objection was made, we conclude that this issue was not preserved for appellate
review and we, therefore, will not consider it. (2)

CONCLUSION

 In conclusion, Appellant's retroactivity argument was not preserved for review.
We hold that the sex-offender-registration requirements in Chapter 62 apply to Appellant
because the "savings clause" that previously exempted him was deleted by the 2005
amendments. Therefore, the judgment of the court of appeals is affirmed.



Delivered: February 12, 2014

Publish
1. The 2005 transition clause provided in relevant part that "the changes in law made
by this Act in amending Chapter 62, Code of Criminal Procedure, apply to a
person subject to Chapter 62, Code of Criminal Procedure, for an offense or
conduct committed or engaged in before, on, or after the effective date of this
Act." Arguably, the transition language referring to a person being subject to
Chapter 62 would preclude application to someone who was exempted from
Chapter 62 by an earlier version of the statute. We need not, and do not, decide
this question, however.


Ex parte Arce, 297 S.W.3d at 281, n.10 (citation omitted).
2. Even if we did remand the case for the court of appeals to consider the preservation
issue, as the State requests, the outcome would be same. The issue was not preserved and,
therefore, remanding to the court of appeals would be a useless exercise.