IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,500-02






EX PARTE DELBERT PENDLEY, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 46171-C IN THE 89TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted
of two counts of failing to register as a sex offender. Applicant was sentenced to twelve years'
imprisonment for each count. He did not appeal his conviction. In this application, he challenges
the conviction in count two only.

 Applicant alleges that he is actually innocent of failing to register as a sex offender in
February 2005 as alleged in the indictment because he was not required to register at that time. 

 Applicant was convicted of sexual assault in Nebraska in 1986. He discharged that Nebraska
sentence while still in Nebraska in 2002. In 1997, the sex offender registration statutes were revised
to require all defendants still under state supervision having reportable convictions occurring on or
after September 1, 1970 to register. However, if the offender was not in a Texas penal institution
or under the supervision of TDCJ as a result of his sex offense as of September 1, 1997, then the
offender would be covered by the version of the Texas Sex Offender Registration Act (SORA) in
effect in 1995, under the uncodified savings clause. Ex parte Harbin, 297 S.W.3d 283, 287 (Tex.
Crim. App. 2009). Even though Applicant was in custody in Nebraska, he was not incarcerated in
Texas for anything other than the failure to register convictions from September 1, 1997 to
September 1, 2005. He was therefore covered by the savings clause in February 2005 and had no
duty to register under the applicable law and is entitled to relief.

 Relief is granted. The judgment in count two of Cause No. 46,171-C in the 89th Judicial
District Court of Wichita County is set aside, and Applicant is remanded to the Wichita County
Sheriff to answer the charge against him. The trial court shall issue any necessary bench warrant
within 10 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: April 2, 2014

Do Not Publish