

**IN THE COURT OF CRIMINAL APPEALS
OF TEXAS**

**NO. WR-79,500-02**

**EX PARTE DELBERT PENDLEY, JR., Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 46171-C IN THE 89ᵀᴴ DISTRICT COURT
FROM WICHITA COUNTY**

*Per curiam*.

**O P I N I O N**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted of two counts of failing to register as a sex offender. Applicant was sentenced to twelve years' imprisonment for each count. He did not appeal his conviction. In this application, he challenges the conviction in count two only.

Applicant alleges that he is actually innocent of failing to register as a sex offender in February 2005 as alleged in the indictment because he was not required to register at that time.

Applicant was convicted of sexual assault in Nebraska in 1986. He discharged that Nebraska

sentence while still in Nebraska in 2002. In 1997, the sex offender registration statutes were revised to require all defendants still under state supervision having reportable convictions occurring on or after September 1, 1970 to register. However, if the offender was not in a Texas penal institution or under the supervision of TDCJ as a result of his sex offense as of September 1, 1997, then the offender would be covered by the version of the Texas Sex Offender Registration Act (SORA) in effect in 1995, under the uncodified savings clause. *Ex parte Harbin*, 297 S.W.3d 283, 287 (Tex. Crim. App. 2009). Even though Applicant was in custody in Nebraska, he was not incarcerated in Texas for anything other than the failure to register convictions from September 1, 1997 to September 1, 2005. He was therefore covered by the savings clause in February 2005 and had no duty to register under the applicable law and is entitled to relief.

Relief is granted. The judgment in count two of Cause No. 46,171-C in the 89th Judicial District Court of Wichita County is set aside, and Applicant is remanded to the Wichita County Sheriff to answer the charge against him. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: April 2, 2014
Do Not Publish