IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-81,307-01




EX PARTE MICHAEL JOSEPH GRAY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 10,880CR IN THE 276TH DISTRICT COURT
FROM MORRIS COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and was convicted
of failing to comply with registration requirements and sentenced to ten years’ imprisonment. 
            Applicant contends that he was not required to register as a sex offender, therefore he is
actually innocent. He also contends that counsel was ineffective for failing to investigate his duty
to register as a sex offender.
             Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Harbin, 297
S.W.3d 283, 287 (Tex. Crim. App. 2009). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial counsel to respond to
Applicant’s claim of ineffective assistance of counsel. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its
personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law as to what specific prior
offense is being used as the basis for Applicant’s requirement to register and what is the offense date,
the conviction date, and the date of discharge for that offense. If an out of state offense is being used
as the basis for Applicant’s duty to register, the trial court shall determine whether that offense has
been determined to be substantially similar to a Texas offense by the Department of Public Safety,
and if so, the date of that determination. The trial court shall also make findings of fact and
conclusions of law as to whether Applicant is required to register for life or for 10 years after his
sentence expired. The trial court shall also make findings of fact and conclusions of law as to
whether the performance of Applicant’s trial counsel was deficient and, if so, whether counsel’s
deficient performance prejudiced Applicant. The trial court shall also make any other findings of
fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant’s
claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: June 25, 2014
Do not publish