

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-86,603-01

### EX PARTE RYUN DAVID WAHLGREN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W14-76696-M(A) IN THE 194th DISTRICT COURT FROM DALLAS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to register as a sex offender and sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends that he is actually innocent of being required to register as a sex offender, and his plea was involuntary because he was not informed that he was not required to register as a sex offender.

In order to obtain relief on a claim of actual innocence, an applicant must prove the evidence

relied upon is "newly discovered" or "newly available." *Ex parte Brown*, 205 S.W.3d 538, 545 (Tex. Crim. App. 2006).[1] And we have extended the availability of actual innocence claims to sex offender registration. *Ex parte Harbin*, 297 S.W.3d 283 (Tex. Crim. App. 2009). In that case, applicant claimed he did not have a duty to register as a sex offender for the out-of-state offenses listed in the indictment and thus he was actually innocent. We held that, because neither of the out-of-state offenses listed were eligible for consideration as reportable offenses, applicant did not have a duty to register for the offenses listed in the indictment.

In *Harbin*, the applicant also claimed that "newly discovered evidence of actual innocence was unavailable at the time of his initial applications.[2] Specifically, Applicant asserts that a 2008 determination by DPS conclusively establishes that California Penal Code § 647.6 is not substantially similar to a Texas offense requiring registration under the Sex Offender Registration Act (SORA)." *Id.* at 285. Therefore, the applicant in *Harbin* made a showing to satisfy the requirement that the evidence relied upon was "newly discovered" or "newly available."

In this case, the agreed findings of fact and conclusion of law recommending relief are contradictory in nature. The trial court acknowledges the requirement that evidence of actual innocence be newly discovered or newly available but it finds, in pertinent part:

> In January 2013, DPS[3] published its substantial similarity list for Kansas offenses and determined that the predicate offense in this case was not substantially similar to a Texas offense requiring registration. It appears that the State did not obtain a current

---

[1] We further explained this requirement by stating an applicant "cannot rely upon evidence or facts that were available at the time of trial, plea, or post-trial motions, such as a motion for new trial." *Id*. at 545.

[2] The facts in *Harbin* involved a subsequent application for a writ of habeas corpus.

[3] The Texas Department of Public Safety.

similarity determination in advance of charging Applicant with the instant offense.

And the trial court concludes, in pertinent part:

> The Court concludes that since DPS had determined prior to Applicant's indictment in the instant case that the predicate Kansas offense is *not* substantially similar to a Texas offense requiring sex offender registration, Applicant could not be found guilty of failure to register as a sex offender as charged.

Applicant was charged with committing this offense on November 19, 2014, and he was convicted pursuant to a plea agreement on June 30, 2015. The agreed findings and conclusions indicate that the evidence relied upon by Applicant was available at the time of trial. Therefore, Applicant has not met the burden of proof required to obtain relief in a claim of actual innocence.

Applicant also claims his plea in this case was involuntary because he was not informed that he was not required to register as a sex offender and he would never have entered into a plea bargain agreement in this case had he known that he was not required to register as a sex offender. The trial court's recommendation to grant relief on this ground is supported by the record. Applicant is entitled to relief on his claim that his plea in this case was involuntary. *Ex parte Huerta*, 692 S.W.2d 681 (Tex. Crim. App. 1985).

Relief is granted. The judgment in Cause No. F14-76696-M in the 194th District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Sheriff of Dallas County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 26, 2017

Do not publish