

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,029-02

## EX PARTE NOLAN RYAN OVERSTREET, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. C-396-W012330-0714331-B IN THE 396TH DISTRICT COURT
## FROM TARRANT COUNTY

*Per curiam*. YEARY, J., filed a dissenting opinion in which KELLER, P.J., joined. SLAUGHTER, J., dissented.

## O P I N I O N

Applicant pled guilty and was convicted of failing to register as a sex offender. He was sentenced to 90 days' county jail under Texas Penal Code 12.44(a). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant filed this subsequent writ in which he contends that he is actually innocent because he did not have a duty to register. He states that he has previously unavailable evidence of his actual innocence. Specifically, the Third Court of Appeals affirmed the Travis County District Court's determination that Applicant's Colorado conviction is not substantially similar to a Texas offense

requiring registration under the Sex Offender Registration Act (SORA). *See Tex. Dep't of Pub. Safety v. Anonymous Adult Montana Resident,* No. 03-20-00565-CV, 2022 Tex. App. LEXIS 3506, at *7 (Tex. App.–Austin, May 25, 2022, no pet.).

Based on the statutes in place at the time of Applicant's failure to register, the habeas court agreed with the appellate court's determination that Applicant's Colorado offense was not substantially similar to a reportable Texas offense. The court determined that, in light of the appellate court's opinion, no reasonable juror could have convicted Applicant. The habeas court concluded that Applicant established by clear and convincing evidence that he is actually innocent.

We agree. Relief is granted. *Robinson v. State,* 466 S.W.3d 166, 170 (Tex. Crim. App. 2015); *Ex parte Harbin,* 297 S.W.3d 283, 285 (Tex. Crim. App. 2009). The judgment in cause number 0714331D in the 396th District Court of Tarrant County is set aside, and Applicant is remanded to the custody of the Sheriff of Tarrant County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: May 1, 2024
Do not publish