

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,098

### EX PARTE ARMANDO CORTEZ ARCE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1256-07-D IN THE 206TH DISTRICT COURT
### FROM HIDALGO COUNTY

KELLER, P.J., delivered the opinion of the Court in which MEYERS, WOMACK, KEASLER, HERVEY and HOLCOMB, JJ., joined. PRICE, JOHNSON, and COCHRAN, concurred.

Applicant challenges the validity of his conviction for failure to register as a sex offender. The resolution of his claim depends upon whether he was still serving a sentence for a sex offense on September 1, 1997, when a retroactive registration law went into effect. To answer that question, we examine not only that statute, but also mandatory-supervision revocation provisions and the scheme for stacking sentences that was in effect before September 1, 1987. We hold that, in determining whether a person must register as a sex offender, revocation of mandatory supervision for sentences that were stacked under the old scheme places the releasee in the same position he was in when he was released. Because applicant's sentence had not yet discharged when he was released,

it remained undischarged when his mandatory supervision was revoked. He was, therefore, in custody on the sexual-assault offense on the effective date of the statute requiring sex-offender registration.

## I. BACKGROUND

On April 22, 1987, applicant was convicted of sexual assault and sentenced to ten years imprisonment. While serving that sentence, he was convicted of possessing a deadly weapon in a penal institution and assessed a sentence of four years. The four-year sentence was stacked upon his earlier ten-year sentence.[1] On July 9, 1996, applicant was released to mandatory supervision. He was arrested on a pre-revocation warrant on April 19, 1998, and his mandatory supervision was revoked on May 4, 1998.[2] On February 12, 1999, applicant was again released to mandatory supervision, and he successfully served his remaining period of release.[3]

Applicant was subsequently charged with and convicted of failure to comply with sex-offender registration requirements. He filed a habeas application, contending that he was not required to register because his sexual assault sentence had discharged before the September 1, 1997, effective date of the relevant amendment to the registration statute. The Texas Department of Criminal Justice (TDCJ) filed an affidavit explaining that it was treating the two stacked sentences

---

[1] The resulting time to be served was less than fourteen years, however, because applicant received 227 days credit on the four-year sentence.

[2] The proclamation of revocation erroneously listed April 19, 1997, as the date applicant was arrested on the pre-revocation warrant. As a result of this error, the Texas Department of Criminal Justice (TDCJ) forfeited only 284 days of applicant's street time, rather than the 649 days that should have been forfeited.

[3] Applicant's supervision ended on June 16, 2001. Had TDCJ discovered the error in the proclamation of revocation, applicant's supervision would have lasted a year longer, ending on June 16, 2002.

as a single fourteen-year sentence. Counting ten years from April 22, 1987, to April 22, 1997, the State and the trial court agreed with applicant that his sexual-assault sentence had expired before September 1, 1997, and consequently, they recommended granting relief. In a written order that disagreed with the trial court's recommendation, we found that applicant was in the custody of TDCJ when the amendment became effective because applicant was returned to custody from mandatory supervision on April 19, 1997, which caused him to lose nine months of out-of-custody (or "street") time and moved his discharge date for the sexual assault offense from April 1997 to January 1998.[4]

We later discovered that our written order was based upon a record that was incorrect.[5] Applicant's arrest on the pre-revocation warrant had occurred on April 19, 1998 rather than April 19, 1997. We filed and set the application for submission to determine: (1) whether applicant was incarcerated for a reportable offense on September 1, 1997; and (2) whether applicant was required to register as a sex offender on or about the alleged date of this offense. We invited the parties and TDCJ to brief the issues.[6] Applicant submitted a brief in support of granting relief, while both the State and TDCJ have filed briefs in support of denying relief.

## II. ANALYSIS

The Texas legislature passed its first sex offender registration statute in 1991.[7] The statute

---

[4] *Ex parte Arce*, No. WR-29,554-03, slip op. at 2 (Tex. Crim. App. December 10, 2008)(not designated for publication)(withdrawn).

[5] *Ex parte Arce*, No. AP-76,098, slip op. at 1 (Tex. Crim. App. February 4, 2009)(not designated for publication).

[6] *Id.* at 2.

[7] Acts 1991, 72nd Leg., ch. 572, §1.

applied only "to a reportable conviction or adjudication occurring on or after September 1, 1991."[8] The statute was amended, effective September 1, 1997, to permit retroactive application to someone with "a reportable conviction or adjudication occurring on or after September 1, 1970."[9] This retroactive application was restricted, however, to persons who were "confined in a penal institution . . . or . . . under the supervision and control of . . . the pardons and paroles division of the Texas Department of Criminal Justice" pursuant to the reportable conviction on or after the effective date of the 1997 amendment.[10]

Applicant's sexual assault conviction was a reportable conviction,[11] but his conviction for possession of a deadly weapon in a penal institution was not.[12] Counting ten years from when his sexual assault sentence began, applicant contends that his sexual assault sentence discharged in April 1997, so that he was not confined or subject to supervision on that offense in September 1997, when

---

[8]  *Id.* (TEX. CIV. ST. Art. 6252-13c.1, §8(a)).

[9]  Acts 1997, 75th Leg., ch. 668, §1 (TEX. CODE CRIM. PROC. art. 62.11).

[10]  *Id.*, §11.  TDCJ contends that this effective date provision was later overriden by the transition clause from the 2005 amendments to make the sex offender registration requirement completely retroactive to September 1, 1970.  This position accords with the Texas Attorney General's interpretation of the law.  *See* Tex. Atty. Gen. Op. GA-0454.  The 2005 transition clause provided in relevant part that "the changes in law made by this Act in amending Chapter 62, Code of Criminal Procedure, apply *to a person subject to Chapter 62*, Code of Criminal Procedure, for an offense or conduct committed or engaged in before, on, or after the effective date of this Act."  Acts 2005, 79th Leg., ch. 1008, §4.01(a)(emphasis added).  Arguably, the transition language referring to a person being subject to Chapter 62 would preclude application to someone who was exempted from Chapter 62 by an earlier version of the statute.  We need not, and do not, decide this question, however.

[11]  Acts 1997, 75th Leg., ch. 668, §1 (TEX. CODE CRIM. PROC. art. 62.01(5)(A)).

[12]  *Id.* (Art. 62.01(5), *passim*).

the amended version of the statute went into effect. Citing *Ex parte Kuester*,[13] he contends that stacking a new sentence onto a prior sentence should not affect how long it takes the prior sentence to run.

But *Kuester*'s rules apply only to sentences that are imposed on or after September 1, 1987. "Before September 1, 1987, consecutive sentences were added together and treated as one sentence for the purpose of determining eligibility for release on parole and mandatory supervision and for the purpose of determining an inmate's final discharge date."[14] This remains the rule so long as one of the sentences in the series began before September 1, 1987.[15]

We need not decide whether this "treat as a single sentence" rule could, for registration purposes, be used to delay the expiration of the first sentence if the inmate has been *incarcerated* for an amount of time equal to that first sentence. Applicant was not incarcerated for ten years before September 1, 1997. He was released on mandatory supervision about nine months short of ten years. Applicant's position is premised on the idea that he discharged his sexual assault sentence while on release in April 1997 and then started earning time on his second sentence. But that is not how the law works when one of the stacked sentences began before September 1, 1987. Applicant was able to obtain mandatory supervision release in 1996 precisely because the law treated his stacked sentences as a single sentence. Had the sentences been treated individually, he would not have even started earning credit toward mandatory supervision until he had served out the entirety of his first

---

[13] 21 S.W.3d 264 (Tex. Crim. App. 2000).

[14] *Ex parte Forward*, 258 S.W.3d 151, 152 (Tex. Crim. App. 2008)(internal quotation marks and footnote reference omitted).

[15] *Id.* at 153-54.

ten-year sentence within the prison walls.[16] Consistent with treating the two sentences as one combined sentence for the purpose of obtaining early release, we should also treat those sentences as combined for the purpose of discharge while on release.[17]

This means that the two sentences are treated as one unit for the purpose of determining how much "street time" a releasee forfeits upon revocation. Under the law in effect at the time applicant's mandatory supervision was revoked, a releasee forfeited all of the time spent on release.[18] Forfeiting all the time spent on release for the combined sentence would place applicant in the same position, in May 1998, when his mandatory supervision was revoked, that he was in when he was released in July 1996: about nine months short of ten years, which means he could not have discharged his ten-year sexual assault sentence before September 1, 1997.[19]

We deny relief.

Delivered: June 24, 2009
Publish

---

[16] *Forward*, 258 S.W.3d at 152-53 (for post-1987 offenses, mandatory supervision calculated only for the final sentence in the series).

[17] *See id.* at 152.

[18] T EX. GOV'T CODE §508.283(c)(West 1998).

[19] Because of TDCJ's error in calculating credit from an arrest date of April 19, 1997, applicant's remaining sentence was calculated as if he had been incarcerated for more than ten years. But just as we now refuse to allow applicant to be harmed by this error (by attributing an earlier incarceration date than was actually the case), we also refuse to allow applicant to benefit from it (by treating applicant as having been incarcerated for a longer period than was actually the case).