

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---
### NO. PD-1369-12
---

**CRAIG RUDY REYNOLDS, Appellant**

**v.**

**THE STATE OF TEXAS**

---
### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### BOSQUE COUNTY
---

**MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and KEASLER, HERVEY, COCHRAN, and ALCALA, JJ., joined. PRICE, J., filed a dissenting opinion, in which WOMACK, J., joined. JOHNSON, J., dissented.**

### O P I N I O N

Appellant, Craig Rudy Reynolds, was charged with and convicted of failure to comply with sex-offender registration requirements. The charges originated from a 1990 conviction for sexual assault of a child, for which he was sentenced to five years' imprisonment. Appellant served his entire sentence and was released in August of 1995. The registration statute in effect at the time did not require Appellant to register as a sex offender. The statute,

however, was amended in 2005, putting Appellant's duty to register in dispute. He was convicted of failing to register in 2009, but appealed, arguing that the amended statute did not require him to register, that such retroactivity would be unconstitutional, and that there was insufficient evidence to support the jury's refusal to find his affirmative defense of mistake of law. *Reynolds v. State*, 385 S.W.3d 93 (Tex. App.–Waco 2012). The court of appeals upheld the conviction. *Id*. at 102. We granted Appellant's petition for discretionary review to determine whether the 2005 amendments imposed a new requirement for him to register and whether this violates the prohibition against retroactive laws.

## STATUTORY HISTORY

In 1991, the Texas Legislature enacted its first sex-offender registration provision. Act effective September 1, 1991, 72nd Leg., R.S., ch. 572, § 1. It required a person with a reportable conviction on or after September 1, 1991, to register with the local law enforcement agency. *Id*. Because Appellant's sexual-assault-of-a-child conviction occurred in 1990, however, the statute did not require him to register.

In 1997, the Legislature redesignated the statute as chapter 62 of the Code of Criminal Procedure and instituted its retroactive application to individuals with reportable convictions on or after September 1, 1970. Act effective September 1, 1997, 75th leg., R.S., ch. 668, § 1; *Arce v. State*, 297 S.W.3d 279, 281 (Tex. Crim. App. 2009). This change, however, was accompanied by an uncodified "savings clause" that restricted its application to people who were "confined in a penal institution . . . or . . . under the

supervision and control of . . . the Texas Department of Criminal Justice" on or after September 1, 1997. *Id*. at § 11(a). It explicitly preserved the law of the statute before the amendment for those individuals who had convictions but were not in a penal institution or subject to supervision for that conviction on or after September 1, 1997. *Id*. at § 11(b). Although Appellant's conviction was after 1970, he completed his entire sentence in 1995. Therefore, the "savings clause" applied to him and he was still not required to register.

In 2005, the Legislature reenacted and amended chapter 62. Act effective September 1, 2005, 79th leg., R.S., ch. 1008, § 1.01. These amendments included the repeal of article 62.11, which had contained the rule on applicability and the uncodified "savings clause." *Id*. It was replaced with article 62.002 which also provided that the registration requirements applied to those with reportable convictions occurring on or after September 1, 1970. *Id*.; TEX. CODE CRIM. PROC. ANN. art. 62.002(a). The Legislature, however, made no indication as to whether it wished to retain or repeal the uncodified portion of article 62.11, which included the "savings clause." Instead, the 2005 amendments contained a transition clause that stated that "the changes in law made by this Act in amending Chapter 62, Code of Criminal Procedure, apply to a person subject to Chapter 62, Code of Criminal Procedure, for an offense or conduct committed or engaged in before, on, or after the effective date of this Act." Act effective September 1, 2005, 79th leg., R.S., ch. 1008, § 1.01. Relying on a letter from the Texas Department

of Public Safety that stated he did not have to register under the new law, Appellant never registered. In 2009, he was arrested for failing to register, convicted, and sentenced to five years' confinement. The issues now presented are whether the 2005 amendments imposed a new requirement for Appellant to register as a sex offender even though he had no such duty in the past and whether this would constitute prohibited retroactivity.

## ARGUMENTS OF THE PARTIES

Appellant contends that the registration requirement in the 2005 amendments does not apply to him and that he, therefore, had no legal duty to register. He argues that, because the transition clause states that the amendments apply to those who are "subject to Chapter 62," the changes are applicable only to individuals who were already required to register on the effective date, which would not include Appellant. Appellant cites to our footnote in *Ex parte Arce*, 297 S.W.3d 279, 281 (Tex. Crim. App. 2009), in which we acknowledged that it is unclear, because of this language, whether an individual who had been exempted from Chapter 62 by the earlier version of the statute would now be subject to it. Appellant also suggests that if the "savings clause" was repealed, it could only have been done so by implication, which is improper because the amendment is subject to an interpretation that the prior statute is still in effect.

Appellant also asserts that applying the 2005 amendments to him violates the Texas constitutional prohibition against retroactive laws. Appellant argues that, prior to 2005, he had a substantial, vested right to be free of the sex-offender registration

requirements. He suggests that we adopt the three-part test formulated by the Supreme Court of Texas for determining whether a statute is unconstitutionally retroactive. *Robinson v. Crown Cork & Seals Co.*, 335 S.W.3d 126, 145 (Tex. 2010). The test looks at "the nature and strength of the public interest served by the statute as evidenced by the Legislature's factual findings; the nature of the prior right impaired by the statute; and the extent of the impairment." *Id*. Appellant asserts that these factors make it clear that applying the registration requirement to him is unconstitutional. Finally, Appellant contends, based on *Robinson*, that the court of appeals's reliance on the police-power exception in upholding his duty to register was error because an exception to retroactivity must be compelling and clearly established rather than justified by necessity alone or simply likely to do more good than harm. *Id*.

The State argues that the 2005 amendments apply to Appellant and that his conviction for failing to register is valid. The State asserts that the plain text of the transition clause makes clear that Appellant is not exempt from the requirement to register. Further, deleting the exemption and mandating uniform registration for all offenders is in line with the Legislature's stated intent to simplify and clarify the statute which had become overly complex. The State contends that the uncodified "savings clause" in the 1997 statute was eliminated by the 2005 amendments because the provision that the clause accompanied, article 62.11, was eliminated. Holding otherwise, the State argues, leads to the absurd result of every savings clause that has accompanied a repealed

statute remaining in effect unless the Legislature clearly dictated differently.

The State goes on to point to the 2003 amendments of article 62.01(5) to demonstrate the meaning of the "subject to" phrase in the 2005 transition clause. The 2003 amendments added foreign convictions to the list of reportable offenses and had an applicability clause that specified that the change "applie[d] to a person subject to registration under Chapter 62." Act effective September 1, 2003, 78th leg., R.S., ch. 1005, §§ 8, 12. The State points out that if the "subject to" phrase functions as Appellant suggests, the addition of foreign convictions in 2003 would have had no effect because individuals with those convictions had not previously been subjected to the registration requirement. Finally, the State argues, because the purpose of transition provisions is to help avoid the shock that can result from changing law, one was included in the 2005 amendments to put those who were not previously required to register on notice that the law may now require registration.

The State believes that Appellant's second issue should be remanded because the court of appeals failed to determine whether the complaint was properly preserved. In the alternative, the State disputes Appellant's contention that the 2005 amendments violate the prohibition on retroactive laws. The State asserts that Appellant's exemption was not a vested, substantive right because registration is a procedural regulation rather than a punishment, making it beyond the purview of the retroactive law prohibition. Further, the State argues that choosing to adopt the three-factor test from *Robinson* would still result

in a finding that the registration requirement is constitutional because it is a reasonable use of police power that causes no substantial impairment of a right.

## COURT OF APPEALS

On appeal, the court considered the applicability of the registration requirement to Appellant, the constitutionality of its retroactivity, and whether there was sufficient evidence to refute his defense of mistake of law. *See Reynolds*, 385 S.W.3d at 95-101. In its decision, the court of appeals asserted that the plain language of the transition clause indicates that Chapter 62 and the 2005 amendments to it were applicable to Appellant because he had a reportable conviction after September 1, 1970. *Id*. at 98. The court of appeals also looked to our opinion in *Ex parte Harbin*, 297 S.W.3d 283, 286 n.5 (Tex. Crim. App. 2009), in which we stated in a footnote that, because the Legislature made no indication of wishing to retain the uncodified portion, and because the "savings clause" is inconsistent with the amendments, "the uncodified portion has effectively been repealed." *Id*. at 98-99. The court of appeals determined, therefore, that the "savings clause" was effective only from September 1, 1997 to August 31, 2005 and that Appellant had a duty to register under Chapter 62. *Id*. at 99.

The court of appeals then evaluated the constitutionality of the retroactivity of the registration statute. Because the amendments were made in order to address concerns that the registration program had become difficult to manage, the court of appeals presumed that the amendments furthered the program's original purpose of promoting public safety.

*Id*. at 100. The court of appeals held that the statute's retroactivity did not render it unconstitutional because the amendments were necessary to safeguard the public. *Id*.

On the final issue, the court of appeals concluded that there was some evidence to support the jury's refusal to find for the affirmative defense of mistake of law. *Id*. at 101. Therefore, the evidence was legally sufficient to support the jury's conviction of Appellant. *Id*. at 102. Having overruled all of Appellant's issues, the court of appeals affirmed the judgment of the trial court. *Id*. We subsequently granted Appellant's petition for discretionary review on the two issues of the 2005 amendments' applicability and retroactivity.

**APPLICABILITY OF REGISTRATION REQUIREMENT TO APPELLANT**

When this court interprets statutes, "we seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991) (citing *Comacho v. State*, 765 S.W.2d 431 (Tex. Crim. App. 1989)). We begin our analysis with the language of the statute and "attempt to discern the fair, objective meaning of that text at the time of its enactment." *Id*. Where that language is clear and unambiguous, we will give effect to its plain meaning, unless that meaning would lead to absurd consequences that the legislature could not have intended. *Smith v. State*, 789 S.W.2d, 590, 592 (Tex. Crim. App. 1990); *Boykin*, 818 S.W.2d at 785 (citing *Faulk v. State*, 608 S.W.2d 625, 630 (Tex. Crim. App. 1980)). If it is ambiguous or would lead to an absurd result, it is then permissible for us to look beyond the plain text and

consider additional factors. *Boykin*, 818 S.W.2d at 785-86. We do not find the need to look beyond the plain text in this case.

As set out above, the 2005 amendments contain a transition clause specifying that the changes in the law "apply to a person subject to Chapter 62," and the amended version of Chapter 62 states that it applies to individuals who have reportable convictions or adjudications that occurred on or after September 1, 1970. Act effective September 1, 2005, 79th leg., R.S., ch. 1008, § 1.01; TEX. CODE CRIM. PROC. ANN. art. 62.002(a). The plain meaning of these provisions is simply that the amendments to the law apply to those with a reportable conviction that occurred on or after September 1, 1970, which includes Appellant. As the State points out, the provision that the "savings clause" accompanied was deleted in 2005 and, therefore, the uncodified portion that included the "saving clause" was deleted as well. There is no language within the statute that indicates the "savings clause" was to be retained. The plain language of the statute also does not indicate that "person[s] subject to Chapter 62" means only those individuals who had been subject to it prior to the amendments, as Appellant suggests, and we see no reason to read this meaning into it. The use of the present tense of "subject to" rather than the past tense, "subjected to," further supports our conclusion that it is not an individual's past status under the statute that determines applicability. Therefore, Chapter 62 does apply to Appellant and he was required to register under Chapter 62.

Our decision here is in line with *Ex parte Harbin*, in which we concluded in a

footnote, that the "savings clause" applies only to those who did not register between 1997 and 2005. 297 S.W.3d at 287. We stated that "[t]he 2005 amendments . . . repeal[ed] all of article 62.11, including the uncodified 'savings clause,'" because "there was no indication that the legislature wished to retain or relocate the uncodified portion and since the 'savings clause' appears to be inconsistent with the 2005 statute's amendments and retroactive application." *Id*. at 286, n.5. Appellant points to our statements in *Ex parte Arce* in response to any reliance on *Harbin*. However, these statements in *Arce* have no bearing on our decision. We came to no conclusions and, instead, simply recognized that an argument could be made that the amendments do not apply to an individual previously exempted from Chapter 62.[1]

## CONSTITUTIONALITY OF STATUTE'S RETROACTIVITY

We begin with the State's contention that the court of appeals erred by not first determining whether Appellant's retroactivity-based complaint was properly preserved. The court of appeals should typically review preservation on its own motion, but where it

---

[1]

The 2005 transition clause provided in relevant part that "the changes in law made by this Act in amending Chapter 62, Code of Criminal Procedure, apply *to a person subject to Chapter 62*, Code of Criminal Procedure, for an offense or conduct committed or engaged in before, on, or after the effective date of this Act." Arguably, the transition language referring to a person being subject to Chapter 62 would preclude application to someone who was exempted from Chapter 62 by an earlier version of the statute. We need not, and do not, decide this question, however.

*Ex parte Arce*, 297 S.W.3d at 281, n.10 (citation omitted).

does not expressly do so, this Court "should do so when confronted with a preservation question." *Ford v. State*, 305 S.W.3d 530, 532-33 (Tex. Crim. App. 2009). Therefore, we will not remand for this omission, as the State requests, and instead we will address whether the retroactivity complaint was preserved.

"As applied" constitutional claims are subject to the preservation requirement and therefore must be objected to at the trial court in order to preserve error. *Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008); *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995); see *also Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (stating that "[e]ven constitutional errors may be waived by failure to object at trial").

There is no evidence that Appellant objected to the retroactivity of the statute at the trial court, but Appellant asserted during oral argument that, because he argued at the trial court that the registration statute should not apply to him, the issue could be interpreted as preserved. Asserting that the statute contained an exemption for Appellant, however, is a far cry from presenting the argument that the statute is unconstitutionally retroactive because it took away Appellant's vested right to not register. This retroactivity argument cannot be raised for the first time on appeal. Therefore, because no specific, timely objection was made, we conclude that this issue was not preserved for appellate

review and we, therefore, will not consider it.[2]

## CONCLUSION

In conclusion, Appellant's retroactivity argument was not preserved for review. We hold that the sex-offender-registration requirements in Chapter 62 apply to Appellant because the "savings clause" that previously exempted him was deleted by the 2005 amendments. Therefore, the judgment of the court of appeals is affirmed.

Delivered: February 12, 2014

Publish

---

[2]Even if we did remand the case for the court of appeals to consider the preservation issue, as the State requests, the outcome would be same. The issue was not preserved and, therefore, remanding to the court of appeals would be a useless exercise.