

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-18-00014-CR

___

SHANNON LEE ABEYTA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

**On Appeal from the 100th District Court**
**Hall County, Texas**
**Trial Court No. 3822, Honorable Stuart Messer, Presiding**

___

December 19, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Shannon Lee Abeyta (appellant) appeals his conviction for failing to register as a sex offender and its accompanying twenty-year prison sentence. The trial court originally ordered that the adjudication of his guilt for the crime be deferred and that he be placed on community supervision for five years, after appellant pled guilty to the offense. The trial court's decision was memorialized in a written order signed on May 8, 2017. The State moved to adjudicate appellant's guilt five months later. By that time, appellant had violated various conditions of his community supervision, violations to which he later

admitted. Furthermore, those violations included consuming marijuana, ingesting methamphetamine, failing to obtain approval to leave the county, failing to pay the monthly community supervision fee, failing to pay other court ordered fees, failing to complete seventy-five hours of community service by October 1, 2017, failing to maintain gainful employment, missing several classes of substance abuse treatment, and failing to forgo contact with minors. Before us, appellant contends that the twenty-year sentence assessed by the trial court was cruel, unusual, and excessive. We overrule the issue.

The sentence was purportedly excessive because it exceeded the sentence assessed for the offenses that resulted in him having to register as a sex offender. Those offenses consisted of aggravated sexual assault of a minor and indecency with a minor, and appellant received a sentence for them of fourteen year's imprisonment. Other factors allegedly rendering his current punishment excessive concerned his purported attempts to comply with the conditions of his community supervision and obtain treatment for his drug use.

A claim that punishment is cruel and unusual must be preserved. *See Sharp v. State*, No. 07-17-00128-CR, 2017 Tex. App. LEXIS 11295, at *2 (Tex. App.—Amarillo Dec. 5, 2017, no pet.) (per curiam) (mem. op., not designated for publication) (stating that because appellant did not assert that his punishment was cruel and unusual before the trial court when sentence was pronounced or through a motion for new trial, it was not preserved for review). Here, appellant raised the complaint via a timely motion for new trial. Thus, it was preserved for review.

Next, a sentence falling within the statutory range of punishment is generally neither excessive nor cruel and unusual. *See Stacks v. State*, No. 07-15-00336-CR, 2017

Tex. App. LEXIS 7690, at *15 (Tex. App.—Amarillo Aug. 14, 2017, pet. ref'd) (mem. op., not designated for publication) (noting that "Texas courts have traditionally held that, so long as the punishment imposed lies within the range prescribed by the Legislature in a valid statute, that punishment is not excessive, cruel, or unusual"). Appellant does not question that his failure to register was a second-degree felony, TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(3) (West 2018) (stating that the offense is punishable as a "felony of the second degree if the actor is a person whose duty to register expires under Article 62.101(a) and who is required to verify registration once each 90-day period under Article 62.058"). Nor does he question that the applicable range of punishment carried a potential of two to twenty year's imprisonment. TEX. PENAL CODE ANN. § 12.33(a) (West 2011) (stating that a felony of the second degree is punishable by imprisonment in the Texas Department of Criminal Justice for "any term of not more than 20 years or less than 2 years" and a fine not exceeding $10,000).

Yet, being within the statutory range of punishment may not always insulate a sentence from attack as being grossly disproportionate. *Stacks,* 2017 Tex. App. LEXIS 7690, at *15-16. Furthermore, when determining if a sentence is so disproportionate, "we make an initial threshold comparison of the gravity of the offense with the severity of the sentence." *Id.* at *16. If our initial comparison supports an inference of gross disproportionality, we then assess whether 1) sentences for similar crimes in the same jurisdiction and 2) sentences for the same crime in other jurisdictions render the sentence unconstitutional. *Id.*

Here, it must be remembered that appellant did not simply fail to register as a sex offender. He had to so register because he previously committed rather egregious crimes

3

involving indecencies with and assaults upon a minor. And, having been told to forgo contact with minors as a condition of probation, he violated the prohibition on at least four occasions. So too did he continue abusing controlled substances within a month of being placed on probation. These matters are relevant evidence when deciding punishment. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2018) (stating that evidence may be offered as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant and any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act).

Nor can it be ignored that he was afforded opportunity to participate in a substance abuse program but failed to attend it as ordered by the court. Thus, his representation about having "begged the court for help" in addressing his addiction can be said to ring a bit hollow.

As for the offense of failing to register, it is not a trivial matter. The legislature enacted the requirement upon considering the unique threat posed by sex offenders to public safety, their high rate of recidivism, their low instance of rehabilitation, and the need to track and inform the public about such offenders. *See In re M.A.H.*, 20 S.W.3d 860, 863 (Tex. App.—Fort Worth 2000, no pet.); *accord Reynolds v. State*, 385 S.W.3d 93, 100 (Tex. app.—Waco 2012) (noting that the registration statute was enacted to promote public safety), *aff'd*, 423 S.W.3d 377 (Tex. Crim. App. 2014).

4

The indicia mentioned above prevent us from concluding that the twenty-year term of imprisonment was disproportionately excessive.  This is especially so given that the body assigned the task of weighing public policy and protecting Texans, i.e., the legislature, thought a term of imprisonment up to twenty years could be appropriate when punishing the offense in question.  Consequently, we affirm the trial court's judgment.

Brian Quinn
Chief Justice

Do not publish.