

# IN THE
# TENTH COURT OF APPEALS

No. 10-18-00144-CR
No. 10-18-00145-CR
No. 10-18-00146-CR

**ANTHONY LYNN THIBODEAUX,**

                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                        **Appellee**

### From the 87th District Court
### Freestone County, Texas
### Trial Court Nos. 12-154-CR; 12-155-CR; 12-156-CR

## MEMORANDUM OPINION

Anthony Lynn Thibodeaux was convicted in 2013 for the offense of sexual assault of a child and two offenses of indecency with a child by contact. Those convictions were affirmed. *Thibodeaux v. State*, Nos. 10-13-00466-CR, 10-13-00467-CR, and 10-14-00005-CR, 2015 Tex. App. LEXIS 7933 (Tex. App.—Waco July 30, 2015, no pet.) (not designated for publication). He now appeals from the trial court's denial of his motion for post-conviction DNA testing in the three trial court case numbers. *See* TEX. CODE CRIM. PROC.

ANN. Ch. 64 (West 2018). Because the trial court did not err, its order is affirmed.

In his first issue, Thibodeaux contends the trial court erred in denying his request for post-conviction DNA testing when he met the standards detailed in Chapter 64 of the Texas Code of Criminal Procedure. Specifically, he contends the evidence he requested to be tested existed and was suitable for testing; identity was at issue in the underlying cases; he may not have been convicted if the results were exculpatory; and DNA testing would not unreasonably delay his sentence. *See* TEX. CODE CRIM. PROC. ANN. art. 64.03 (West 2018) (the requirements necessary for DNA testing to be ordered).[1]

In reviewing a trial court's decision to deny a motion for post-conviction DNA testing where, as it is in this case, the trial record and the affidavit of the appellant are the only sources of information supporting the motion, we review a defendant's issues de novo. *Smith v. State*, 165 S.W.3d 361, 363 (Tex. Crim. App. 2005). Before the trial court may order DNA testing, a defendant must comply with the requirements for a motion for post-conviction DNA testing. *See S*wearingen v. State*, 303 S.W.3d 728, 731 (Tex. Crim. App. 2010) ("Chapter 64 requires multiple threshold criteria to be met before a convicted person is entitled to DNA testing."); *Skinner v. State*, 293 S.W.3d 196, 200 (Tex. Crim. App. 2009) (same). A motion for post-conviction DNA testing may only request testing of biological evidence that was in the State's possession at the time of trial and that was secured in relation to the offense of which the defendant was convicted. TEX. CODE CRIM.

---

[1] Thibodeaux also asserts that because the State failed to follow Chapter 64, the trial court erred in denying his motion. Because of our disposition of the issue, we do not need to address this specific assertion.

PROC. ANN. art. 64.01(b) (West 2018). Additionally, a motion must be accompanied by an affidavit, sworn to by the convicted person, which contains statements of fact in support of the motion. *Id.* (a-1).

If evidence has already been tested, a defendant must also show in his motion that the evidence, "although previously subjected to DNA testing, can be subjected to testing with newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." *Id.* (b)(2). The defendant has the burden to show that newer techniques were available that would reasonably result in more accurate results. *See id.*; *Dinkins v. State*, 84 S.W.3d 639, 642 (Tex. Crim. App. 2002). *See also Swearingen*, 303 S.W.3d at 733-34 (movant must articulate more than mere assertions).

Thibodeaux filed a motion for post-conviction DNA testing listing items to be tested. In his supporting affidavit, he stated that the items "could have been submitted for … newer testing," but he did not explain further as to what the newer test would be and why it would be more accurate than the method used prior to his trial. In response to Thibodeaux's motion, the State informed the trial court by letter that items collected were tested previously and were referenced in attached lab results.

The trial court denied Thibodeaux's motion without a hearing. In findings of fact and conclusions of law, the trial court determined, among other things, that Thibodeaux failed to "show what newer testing is available that would provide a reasonable likelihood that the results will be more accurate and probative than the previous tests results."

It was Thibodeaux's burden to show that newer techniques were available that would reasonably result in more accurate results. Thibodeaux did not carry that burden in his motion or supporting affidavit. Consequently, he did not provide statements of fact necessary to support his motion as required by Chapter 64. TEX. CODE CRIM. PROC. ANN. art. 64.01(a-1) (West 2018).

Accordingly, because Thibodeaux failed to satisfy the requirements of Chapter 64, the trial court did not err in denying Thibodeaux's motion for post-conviction DNA testing. Thibodeaux's first issue is overruled.

In his second issue, Thibodeaux contends the trial court erred in denying forensic DNA testing "when Chapter 64 was unconstitutionally applied to his situation[.]" It is difficult to determine what, exactly, Thibodeaux is complaining about. It appears that Thibodeaux asserts the statute is unconstitutional as applied to him because it permits the State to refuse to provide access to evidence and information in violation of his right to due process, and the Eighth, Sixth, and Fourteenth Amendments to the United States Constitution.[2]

"As applied" constitutional claims are subject to the preservation requirement and therefore must be objected to at the trial court in order to preserve error. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014). Thibodeaux never raised a complaint about the constitutionality of the statute in his motion for forensic DNA testing or in any

---

[2] In his reply brief, Thibodeaux seems to argue that the trial court violated his constitutional rights because he met the requirements of Chapter 64. We have determined in the first issue that Thibodeaux did not meet the requirements of Chapter 64, and the trial court did not err in denying his motion on that basis.

document after the trial court's ruling.  Accordingly, his complaint is not preserved, and his second issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's order.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Senior Justice Scoggins[3]
Affirmed
Opinion delivered and filed February 13, 2019
Do not publish
[CR25]



---

[3] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).