

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-19-00082-CR

___

TERRY MARTIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the County Court at Law No. 2
Lubbock County, Texas
Trial Court No. 2019-494,736, Honorable Drue Farmer, Presiding

___

September 28, 2020

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant Terry Martin appeals from his conviction for unlawfully carrying a weapon while "a member of a criminal street gang."[1]  We reverse the judgment of the trial court.

Background

Appellant was riding his motorcycle north of New Deal when he was stopped by Corporal Michael Macias of the Lubbock County Sheriff's Office.  Officer Macias observed

___

[1] *See* TEX. PENAL CODE ANN. § 46.02(a-1)(2)(C) (West Supp. 2019), § 71.01(d) (West 2011).

that the motorcycle was traveling faster than the posted speed limit, had a partially obscured license plate, and made an unsafe lane change. Officer Macias also noticed that appellant was wearing a vest, known as a "cut," that read "Cossacks MC," for Cossacks Motorcycle Club. When appellant pulled over, Officer Macias had him place his hands on his head and conducted a pat-down. He asked appellant if he had any firearms on him; appellant responded that he was carrying a pistol inside his vest. The officer placed appellant in handcuffs and, as he did so, queried, "I take it by your cut you're a Cossack?" Appellant answered, "Yes, sir." Officer Macias then informed appellant that the Cossacks are considered a criminal gang.

Following his arrest, appellant was charged with the offense of unlawfully carrying a weapon as a member of a criminal street gang. The jury found appellant guilty and assessed a fine of $400.

Discussion

Under section 46.02(a-1)(2)(C) of the Texas Penal Code, a person commits an offense if the person (1) intentionally, knowingly, or recklessly carries on or about his or her person a handgun (2) in a motor vehicle or watercraft that is owned by the person or under the person's control (3) at any time in which the person is a member of a criminal street gang as defined by section 71.01 of the Texas Penal Code. Tex. Penal Code Ann. § 46.02(a-1)(2)(C). A criminal street gang is defined as "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities." Tex. Penal Code Ann. § 71.01(d).

By this appeal, appellant challenges the constitutionality of this statutory framework, both facially and as applied to him. Additionally, appellant asserts that the evidence is insufficient to support his conviction.

Issue Nos. 1-7: Facial Challenges

In his first through seventh issues, appellant asserts that the statutory framework under sections 46.02(a-1)(2)(C) and 71.01(d) of the Texas Penal Code is facially unconstitutional under the First, Second, and Fourteenth Amendments of the United States Constitution. Specifically, he argues that this framework is facially unconstitutional (1) under the Equal Protection Clause of the Fourteenth Amendment, (2) under the First and Fourteenth Amendments because it impairs the right of association, (3) under the First and Fourteenth Amendments because it authorizes state action based on the doctrine of guilt by association, (4) under the First and Fourteenth Amendments because it is overbroad, (5) under the Due Process Clause of the Fourteenth Amendment because it violates the right to travel, (6) under the Second and Fourteenth Amendments, and (7) under the Due Process Clause of the Fourteenth Amendment because it is unconstitutionally vague. The State responds that appellant's facial constitutional challenges have not been preserved for appellate review because appellant did not raise any such challenges at the trial court level.

Generally, constitutional challenges are forfeited by a defendant who fails to object before the trial court. *Curry v. State*, 910 S.W.2d 490, 496 & n.2 (Tex. Crim. App. 1995) (en banc). The Court of Criminal Appeals has held that a defendant may not raise for the

first time on appeal a facial challenge to the constitutionality of a statute. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

In this case, appellant did not make any objection at trial that the statutory framework under sections 46.02(a-1)(2)(C) and 71.01(d) of the Texas Penal Code is unconstitutional. Following *Karenev,* we must conclude that appellant may not raise his facial constitutionality challenges at this stage of the proceedings. Appellant's first seven issues are overruled.

Issue Nos. 8-14: As-Applied Challenges

In his eighth through fourteenth issues, appellant argues that the statutory framework under sections 46.02(a-1)(2)(C) and 71.01(d) of the Texas Penal Code is unconstitutional as applied to him. Here, he contends the framework is unconstitutional as applied (1) under the Equal Protection Clause of the Fourteenth Amendment, (2) under the First and Fourteenth Amendments because it impairs his right of association, (3) under the First and Fourteenth Amendments because it authorizes state action against him based on the doctrine of guilt by association, (4) under the First and Fourteenth Amendments because it is overbroad, (5) under the Due Process Clause of the Fourteenth Amendment because it violates his right to travel, (6) under the Second and Fourteenth Amendments, and (7) under the Due Process Clause of the Fourteenth Amendment because it is unconstitutionally vague. The State, again, responds that appellant failed to make timely and specific objections to the statutory framework, as applied to him, at the trial court level.

Like facial challenges, "as applied" constitutional challenges are subject to the preservation requirement and must be made at the trial court in order to preserve error. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014). Because appellant made no specific, timely claim of unconstitutionality at trial, these issues have not been preserved for our review. Accordingly, appellant's eighth through fourteenth issues are overruled.

Issue No. 15: Sufficiency of the Evidence

In his final issue, appellant claims that the evidence is insufficient to show he was a member of a criminal street gang for purposes of the statute.

The standard that we apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under that standard, when assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 912. The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and we will not usurp this role by substituting our judgment for that of the jury. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

Under section 71.01(d), a criminal street gang is defined as "three or more persons having a common identifying sign or symbol or an identifiable leadership who continuously or regularly associate in the commission of criminal activities." TEX. PENAL CODE ANN. § 71.01(d). In *Ex parte Flores*, the Fourteenth Court of Appeals held that, when read together, the provisions of section 71.01(d) and section 46.02(a-1)(2)(C) indicate that a gang member "must be one of the three or more persons who continuously or regularly associate in the commission of criminal activities." *Ex parte Flores*, 483 S.W.3d 632, 645 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd) (rejecting argument that a defendant need not be involved in or aware of gang's criminal activities). Appellant contends that no evidence showed he regularly engaged in criminal activity as one of the three persons described in the statute.

The evidence presented at trial included testimony from the arresting officer, Corporal Macias, who testified that he was aware, from his training and experience, that the Cossacks are a criminal street gang. In addition, the State presented testimony from Deputy Joshua Cisneros of the Lubbock County Sheriff's Office. Deputy Cisneros testified that he works in the street crimes unit, a part of the Texas Antigang Center, which works to disrupt the activity of criminal street gangs. He testified that he was familiar with the Cossacks and that they were a nationwide outlaw motorcycle gang. According to Deputy Cisneros, Cossacks are known to engage in criminal activities, namely assaults, threats of violence, intimidation, and illegal firearms possession.

Deputy Cisneros testified that law enforcement uses a statewide database known as TxGANG to identify and keep track of gang members. He explained that certain factors, which are set forth in the Texas Code of Criminal Procedure, are used to make a

6

determination that someone is a gang member. Two of these, namely a judicial finding and a self-identification during a judicial proceeding, are standalone criterion, meaning an individual can be entered into the TxGANG system upon a showing of either one. A determination of gang membership can also be made if any two of the following criteria are met: a nonjudicial self-admission; identification by a reliable informant; a corroborated identification by an informant of unknown reliability; evidence the individual uses technology to recruit new members; evidence the individual uses street gang dress, hand signals, tattoos, or symbols; or evidence that the individual has been arrested with known gang members for an offense or conduct consistent with gang activity. Finally, a determination can be made if there is evidence of any one of the preceding factors plus evidence that the individual visited gang members while they were imprisoned and frequented known gang areas and associated with known gang members.

Deputy Cisneros expressed the opinion that appellant was a member of the Cossacks motorcycle gang because appellant made a nonjudicial self-admission to Corporal Macias and he was wearing the cut and the black and yellow colors of the Cossacks. Moreover, appellant previously had been identified as a gang member and entered in the TxGANG database by two different agencies: the McLennan County Sheriff's Office, which relied on appellant's gang attire and detention with gang members on a gang-related offense, and DPS Communications in Waco, which relied on appellant's nonjudicial self-admission and his detention with gang members on a gang-related offense.

However, although Deputy Cisneros testified that Cossacks were engaged in continuous illegal activities in Lubbock, he admitted that he knew of no criminal charges

filed against Cossacks in the area. He acknowledged that he could not prove the Cossacks' criminal activities, stating, "The only thing I do have is just intelligence."

Appellant testified that he did not believe that Cossacks are a criminal street gang and that he has never been convicted of a felony or a misdemeanor, other than traffic violations. Appellant further testified regarding his detention with gang members, stating that in May of 2015, he was at the Twin Peaks restaurant in Waco where Cossacks and Bandidos had gathered for a meeting. A shootout involving Cossacks, Bandidos, and law enforcement erupted, resulting in nine deaths. Appellant did not have a weapon on his person, although he had one in his vehicle. He was arrested and detained, along with some 170 others who were present, and charged with criminal organization. The charges against him were later dismissed.

In this appeal, appellant argues:

The only evidence that Appellant had ever been entangled with law enforcement in any way was a report showing the Waco Police Department arrested Appellant in McLennan County for the engaging in organized crime in 2015. These charges were dismissed. A later report from the Waco Police Department revealed that police ran a background check and did not find anything that would prohibit Appellant from legally possessing a handgun. The Waco Police Department returned Appellant's gun to him. Other than this police report, the State introduced no evidence of any prior conviction or criminal activity involving Appellant. Appellant, in fact, had no criminal record.

Appellant concludes that this evidence is insufficient to show that he himself regularly or continuously engaged in criminal activity pursuant to his membership in a gang and that, consequently, he does not come within the purview of 71.01(d) or section 46.02(a-1)(2)(C) of the Texas Penal Code.

8

We agree with appellant. To be a gang member for purposes of prosecution under the statute, "an individual must be one of three or more persons with a common identifying sign, symbol, or identifiable leadership *and must also* continuously or regularly associate in the commission of criminal activities." *Ex parte Flores*, 483 S.W.3d at 648 (emphasis added). While the evidence establishes the first half of the equation, i.e., appellant's membership as a Cossack, the record is devoid of evidence of the second half, i.e., a showing that he associated in the commission of criminal activities. Under *Ex parte Flores*, both gang membership and a connection to criminal conduct are required. *See id.*

The State claims that appellant "was not only aware of the criminal activity occurring within the Cossacks Outlaw Motorcycle Gang, but was an active participant in the illegal activity—particularly assaults and threats of violence." Tellingly, this assertion is made with no citation to the record, and in our review of the evidence, we find no support for the State's claim. The sole piece of evidence indicating that appellant was ever involved in criminal activity was the evidence of his presence at the Twin Peaks shooting. This single arrest, on charges which were later dismissed, does not establish that appellant continuously or regularly associated in the commission of criminal activities.

On this record, we find the evidence was insufficient to allow the factfinder to find the essential elements of the crime beyond a reasonable doubt.

Conclusion

We overrule appellant's first fourteen issues because they have not been preserved for appellate review. We sustain appellant's fifteenth issue because we find

9

that the jury's verdict was not supported by sufficient evidence. Having sustained appellant's fifteenth issue, we reverse the judgment of the trial court. We have considered whether reformation of the judgment to reflect a conviction for a lesser-included offense is appropriate. *See Thornton v. State*, 425 S.W.3d 289, 300 (Tex. Crim. App. 2014). We see no lesser-included offense as to which the two questions outlined in *Thornton* can be answered in the affirmative. Accordingly, we render a judgment of acquittal. *See* TEX. R. APP. P. 43.2(c), 43.3.

Judy C. Parker
Justice

Do not publish.