

# NUMBERS 13-23-00136-CR, 13-23-00137-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ADRIAN MEDRANO,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Tijerina**

In appellate cause numbers 13-23-00136-CR and 13-23-00137-CR, appellant Adrian Medrano pleaded guilty to two separate offenses of possession of cocaine in an amount of less than one gram, which are both third-degree felonies.[1] *See* TEX. HEALTH &

---

[1] Appellant's offenses were enhanced by two prior convictions.

SAFETY CODE ANN. § 481.115(b). Appellant received concurrent sentences of ten years' confinement. By two issues, appellant contends that (1) "[t]he [Substance Abuse Treatment Facility Program (SATF)] Major Rule [a]ppellant plead[ed] true to is facially unconstitutionally vague and overbroad," and as-applied to appellant, and (2) his "plea of true does not prevent him from contesting the constitutionality of SATF's Major Rules." We affirm.

## I.    BACKGROUND

On June 18, 2018, appellant pleaded guilty to two offenses of possession of cocaine occurring on different dates and true to two enhancement paragraphs. The trial court accepted appellant's guilty pleas, imposed ten-year sentences, suspended the sentences, and placed appellant on community supervision for a period of four years in both causes.

On October 12, 2021, the State filed motions to revoke community supervision for violating various conditions of community supervision. Appellant pleaded "true" to the State's allegations. Rather than revoking appellant's community supervision, the trial court imposed sanctions.

Appellant's conditions of community supervision were subsequently modified on August 18, 2022, and in relevant part, the trial court ordered appellant "[in] lieu of incarceration . . . [to] participate in a CSCD-based Community Corrections Facility program, to wit: [SATF] in Corpus Christi, Nueces County, Texas." Appellant signed the motion requesting this modification of his community supervision, which stated that he must follow the rules of the SATF. A stipulation in the probation's motion to modify the

2

conditions of community supervision signed by appellant, stated that appellant must "comply with all the rules and regulations, treatment programs and contracts of [SATF], and remain therein until released by the Court in writing."

On November 17, 2022, the State filed motions to revoke community supervision claiming that appellant violated the terms by, among other things, "using profanity when speaking to another Resident" of SATF, which is a violation of SATF "Major rule 2.8" prohibiting residents from expressing anger inappropriately or using "offensive language, profanity[,] or vulgarity towards themselves or another."[2] At the revocation hearing on April 11, 2023, based on an agreement with the State, appellant pleaded "true" to violating rule 2.8; the State abandoned its other allegations and recommended that the trial court impose "a 60-day jail sanction with credit" and then continue appellant on community supervision.[3] The trial court found the allegation to be "true," rejected the State's recommendation, revoked appellant's community supervision, and sentenced appellant to ten-year terms of confinement in both causes to run concurrently.

Appellant filed a motion for new trial arguing that rule 2.8 is impermissibly vague. At a hearing on that motion, appellant argued that the prohibition violation on him using offensive language, profanity, or vulgarity violates his right to freedom of speech. Appellant stated that Major rule 2.8 is "very vague" because "[p]rofanity could be determined and interpreted differently by multiple different people." The State argued that

---

[2] We note that the trial court ordered that as a condition of his community supervision, appellant "REFRAIN from the use of vulgar or obscene language and remain courteous and respectful to the Court, CSCD Staff, and Court personnel."

[3] Specifically, the State abandoned, among other allegations, that appellant admitted that he had a weapon at the facility—the weapon was a combination lock in a sock that appellant threatened to use.

appellant's motion for reconsideration should be denied because appellant pleaded "true" at the revocation hearing, and the evidence presented at the reconsideration hearing had not been contested. The trial court denied the motion. This appeal followed.

## II.   DISCUSSION

By his first issue, appellant contends that rule 2.8 is facially unconstitutional, overbroad, and vague.[4] Appellant also argues that rule 2.8 is unconstitutional as applied to him.

"[A] challenge to the constitutionality of a statute is a forfeitable right and must be preserved in the trial court during or after trial." *Cooper v. State*, 673 S.W.3d 724, 749 (Tex. App.—Fort Worth 2023, no pet.). Both facial and as-applied challenges must be raised in the trial court to preserve error. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

> An award of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. Therefore, conditions not objected to are affirmatively accepted as terms of the contract. Thus, by entering into the contractual relationship without objection, a defendant affirmatively waives any rights encroached upon by the terms of the contract. A defendant who benefits from the contractual privilege of probation, the granting of which does not involve a systemic right or prohibition, must complain at trial to conditions he finds objectionable. A trial objection allows the trial court the opportunity to either risk abusing his discretion by imposing the condition over objection or reconsider the desirability of the contract without the objectionable condition.

*Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999).

---

[4] By his second issue, appellant contends that he did not waive his constitutional challenge to rule 2.8 by pleading true to violating it as the State argued. We are addressing appellant's first issue that rule 2.8 is unconstitutional. Therefore, for purposes of this memorandum opinion, we will assume, without deciding, that appellant did not waive his constitutional challenges on the basis that he pleaded true to violating rule 2.8. We sustain his second issue.

Here, when appellant pleaded guilty, he entered into a contract with the trial court. *See id.* at 534. The trial court modified the conditions of community supervision, thus, modifying a preexisting contract. However, appellant did not object by motion or otherwise to that modification of the contract.[5] Instead of objecting, appellant acquiesced to the trial court's requiring him to attend the SATF by going to the facility and then breaking the facility's rules. *See id.*; *see also Dansby v. State*, 468 S.W.3d 225, 233 (Tex. App.—Dallas 2015, no pet.) (setting out that the doctrine of estoppel by contract applies when the appellant challenges the legality of the community supervision conditions). Therefore, because appellant benefited from the contractual privilege of community supervision, he was required to object to rule 2.8 at the time the condition was imposed or at the very least when he entered the facility.[6] *See id.*; *see also Ex parte Pena*, 739 S.W.2d 50, 51 (Tex. Crim. App. 1987) ("Where a trial judge imposes an invalid condition of probation, the proper remedy is to reform the judgment of conviction by deleting the condition.").

Nonetheless, even assuming it was unnecessary for appellant to object when the trial court ordered him to follow the Major Rules because there was no hearing, appellant did not object to rule 2.8 on any basis at the November 17, 2022 revocation hearing. In fact, he pleaded true to violating rule 2.8 in exchange for a recommendation from the State of a sixty-day jail sentence and continuation on community supervision.

---

[5] It appears that no hearing was held.

[6] Appellant signed the motion to modify conditions of community supervision which states: "While at the SATF, comply with all the rules, regulations, treatment programs and contracts of such facility, and remain therein until released by the Court in writing." Once appellant became aware of the Major Rules, he could have filed a motion with the trial court objecting on the basis that the rules were unconstitutional. However, he did not do so, and instead, pleaded "true" to violating rule 2.8 and asking the trial court to impose a sixty-day jail sentence for that violation.

5

However, because at the motion for reconsideration hearing appellant stated that rule 2.8 is "very vague" because "[p]rofanity could be determined and interpreted differently by multiple different people," we will assume without deciding, that he preserved this challenge to rule 2.8. However, appellant only stated that rule 2.8 was vague. Appellant did not argue that rule 2.8 is unconstitutional as applied to him, facially invalid, or overbroad. Therefore, he has not preserved these arguments. *See Karenev*, 281 S.W.3d at 434; *Reynolds*, 423 S.W.3d at 383.

As acknowledged by appellant, "the void-for-vagueness doctrine requires that a *penal statute* define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357 (1982) (emphasis added). The focus is on "the requirement that a *legislature* establish minimal guidelines to govern law enforcement." *Id.* at 357–58 (emphasis added) (citing *Smith v. Goguen*, 415 U.S. 566, 572–73 (1974) ("Moreover, it requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent 'arbitrary and discriminatory enforcement.'")). However, appellant has not provided a legal analysis with citation to pertinent authority supporting a conclusion that the vagueness doctrine or any other constitutional challenge applies to rule 2.8 even though it is neither a penal statute nor enacted by the legislature. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018) ("[T]he doctrine is a corollary of the separation of powers—requiring that Congress, rather than the executive or judicial branch, define what conduct is sanctionable and what is not."); *Speth*, 6 S.W.3d at 532–34 (explaining that

the trial court imposes community supervision "*in lieu of* the sentence, *not as part of* the sentence" and that the granting of community supervision "does not involve a systemic right or prohibition"). We find no authority that the void-for-vagueness doctrine or any other constitutional challenge applies to an inpatient facility's rules. Therefore, we are unable to conclude that the rule 2.8 is unconstitutionally vague or unconstitutional on any other basis. *See id.* Accordingly, we overrule his first issue.[7]

### III. CONCLUSION

We affirm the trial court's judgments.

JAIME TIJERINA
Justice

Concurring Memorandum Opinion by Justice Benavides.

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
28th day of March, 2024.

---

[7] The same is true to a facial challenge. *See Ex parte McDonald*, 606 S.W.3d 856, 858 (Tex. App.—Austin 2020, pet. ref'd) ("A facial challenge is essentially a claim that the statute, by its terms, always operates unconstitutionally.") (cleaned up); *Ghanem v. State*, ___ S.W.3d, ___, ___, No. 13-22-00447-CR, 2024 WL 116932, at *4 (Tex. App.—Corpus Christi–Edinburg Jan. 11, 2024, no pet. h.) (providing that a facial constitutional challenge requires a showing that the "statute 'operates unconstitutionally in all potential applications'" (quoting *Estes v. State*, 546 S.W.3d 691, 697–98 (Tex. Crim. App. 2018))).