

# NUMBER 13-22-00612-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**LUPE ORTIZ,**                                                                                            **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                                  **Appellee.**

## ON APPEAL FROM THE 82ND DISTRICT COURT
## OF FALLS COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña
Memorandum Opinion by Justice Longoria**

Appellant Lupe Ortiz was found guilty by a jury for continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02. By one issue, which we construe as two, Ortiz raises a facial and an "as applied" challenge to the constitutionality of § 21.02. *See id.* We affirm.

# I. BACKGROUND[1]

Ortiz was indicted for continuous sexual abuse of a young child under the age of fourteen for committing two or more acts of sexual abuse against R.B.[2] during a period that began on January 1, 2016 and ended on January 1, 2018. The indictment alleged that the acts of sexual abuse included two incidents of indecency with a child by sexual contact against R.B. *See id*. § 21.11. Ortiz's case proceeded to a jury trial. After presentation of all the evidence, the trial court read the charge to the jury. After the parties presented closing arguments, the jury found Ortiz guilty of continuous sexual abuse of a young child and assessed Ortiz a forty-year sentence. This appeal followed.

## II. PRESERVATION

Ortiz complains that § 21.02 of the Texas Penal Code, the continuous sexual abuse of a young child statute, is facially unconstitutional because it does not require jury unanimity as to which specific acts of sexual abuse were committed by the accused. *See id*. § 21.02. Ortiz also claims the statute allows the admission of extraneous offense evidence "under the guise of being 'manner and means'" such that it violates his right to a fair trial, which we construe as an "as applied" challenge to § 21.02.

To preserve a complaint for our review, a party must first present "to the trial court a timely request, objection, or motion" stating the specific grounds for the desired ruling if

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

[2] We refer to the minor victim by their initials to protect their identity. *See* TEX. CONST. art. I, § 30(a)(1) (providing that a crime victim has "the right to be treated . . . with respect for the victim's dignity and privacy throughout the criminal justice process").

2

not apparent from the context. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have "ruled on the request, objection, or motion, either expressly or implicitly; or . . . the complaining party [must have] objected to the [trial court's] refusal" to rule. *Id.* at § 33.1(a)(2). "[A] challenge to the constitutionality of a statute is a forfeitable right and must be preserved in the trial court during or after trial." *Cooper v. State*, 673 S.W.3d 724, 749 (Tex. App.—Fort Worth 2023, no pet.); *see Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Both facial and as-applied challenges must be raised in the trial court to preserve error. *Reynolds v. State*, 423 S.W.3d 377, 383 (Tex. Crim. App. 2014); *see Karenev*, 281 S.W.3d at 434 (holding that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute"); *Flores v. State*, 245 S.W.3d 432, 437 n.14 (Tex. Crim. App. 2008) (noting the "well-established requirement that appellant must preserve an 'as applied' constitutional challenge by raising it at trial")

Though "preservation of error is systemic and a first-level appellate court should ordinarily review the issue on its own motion, we will not be hyper-technical in our examination of whether error was preserved." *Archie v. State*, 221 S.W.3d 695, 698 (Tex. Crim. App. 2007) (cleaned up). Nonetheless, a party must take some steps "to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it" lest the party forfeit the complaint on appeal. *Keeter v. State*, 175 S.W.3d 756, 760 (Tex. Crim. App. 2005).

In this case, Ortiz did not present either his facial or "as applied" challenges to the

constitutionality of § 21.02 to the trial court.[3] Because he did not preserve his arguments

for our review, we overrule his issues. *See Reynolds*, 423 S.W.3d at 383; TEX. R. APP. P.

33.1(a)(1)–(2).

### III. CONCLUSION

We affirm the trial court's judgment.


NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
4th day of April, 2024.

---

[3] In his brief, Ortiz states that he "acknowledges that he is raising a facial and as-applied challenge to the constitutionality of the statute in question—both for the first time on appeal" and that "[t]his practice is not allowed under existing law." Ortiz further states that he "raises these issues to preserve error for potential review in the Court of Criminal Appeals."